# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

---

**BAP NO. MW 26-003**

---

**Bankruptcy Case No. 23-40709-CJP**

---

**WESTBOROUGH SPE LLC,**
**Debtor.**

---

**LOLONYON AKOUETE,**
**Appellant.**

**v.**

**NATHANSON & GOLDBERG, P.C, Petitioning Creditor**
**THE MOBILESTREET TRUST, Petitioning Creditor,**
**JONATHAN GOLDSMITH, Chapter 7 Trustee,**
**TOWN OF WESTBOROUGH, Creditor,**
**Appellees.**

---

## MOTION TO TRANSFER APPEAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

Appellant Lolonyon Akouete respectfully moves for an order transferring this appeal (BAP No. MW 26-003) to the United States District Court for the District of Massachusetts (Case No. 1:26-cv-10037-WGY) pursuant to the authority of 28 U.S.C. § 158(c) and applicable Federal Rules of Bankruptcy Procedure, and for consolidation or coordination of these interrelated appeals for reasons of judicial economy, overlapping factual and legal issues, and coherence of appellate review.

## I. Procedural Background and Context

1. On February 2, 2026, Appellant filed an amended Notice of Appeal (Dkt. 1136) appealing the Bankruptcy Court's January 30, 2026 Order denying in part Appellant's emergency motion for clarification of the preliminary injunction (Dkt. 1108).
2. The Bankruptcy Court issued an order on February 5, 2026 directing transmission of Dkt. 1136 to this Panel because the Notice of Appeal did not elect review in the United States

District Court for the District of Massachusetts (the "District Court"). The Bankruptcy Court noted that Appellant's prior notice (Dkt. 1050) had elected District Court review for other orders but that no such election was made for Dkt. 1108, and therefore the appeal was transmitted to the BAP. (The Bankruptcy Court's Order is included as Exhibit A to this motion.)

3. Appellant's intent from the time of filing was for all interrelated appeals arising from this bankruptcy case to be reviewed by the United States District Court for the District of Massachusetts. This intent is reflected in the caption and District Court case reference included in Dkt. 1136. The Rule 8009 designation filed in connection with Dkt. 1136 addresses governance, trustee conduct, and injunction-scope issues that arise from the same factual and legal foundation as the matters currently pending before the District Court in Case No. 1:26-cv-10037-WGY.

## II. Substantial Overlap of Issues Between Appeals

4. The issues here arise from a common factual and legal nucleus concerning the Trustee's conduct, managerial authority disputes, and the scope and justification for restraints on state-court litigation affecting Appellant's asserted claims.
5. Both this appeal and the District Court appeal require assessment of the Trustee's fiduciary duties, neutrality, structural fairness of relief, and the Bankruptcy Court's authority under 11 U.S.C. § 105.
6. Separate appellate tracks on these intertwined issues risk inconsistent appellate outcomes and duplicative briefing that serve neither judicial economy nor efficient resolution of the parties' rights.

## III. Judicial Economy and Coherence of Appellate Review

7. Consolidation of these appeals before one tribunal would avoid redundant proceedings and conflicting interpretations of central legal questions regarding trustee conduct, injunction scope, and governance disputes.
8. Appellant, proceeding pro se, faces significant practical difficulty managing simultaneous briefing and coordination across two appellate forums.

## IV. Request for Relief

For these reasons, Appellant respectfully requests that this Panel transfer BAP No. MW 26-003 to the United States District Court for the District of Massachusetts for consolidation (or coordination) with Case No. 1:26-cv-10037-WGY.

DATED: February 12, 2026, Respectfully submitted:

By creditor/Appellant,



Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>    Westborough SPE LLC<br><br>        Debtor | Chapter 7<br>Case No. 23-40709-CJP |

## ORDER

The Notice of Appeal and Statement of Election [ECF No. 1136] (the "New Notice") filed by Lolonyon Akouete is captioned as an "amended" notice and references the appeal of orders entered by this Court at ECF Nos. 1037, 1038, 1058, and 1103.[1]   The New Notice includes the United States District Court for the District of Massachusetts (the "District Court") caption of a pending appeal (26-cv-10037-WGY), but it appears that only three of the four orders referenced in the New Notice are the subject of the pending District Court appeal.  *See* Notice of Appeal and Statement of Election [ECF No. 1050, as amended by ECF No. 1064] (the "Prior Notice").  In the New Notice, Mr. Akouete does not elect that the appeal of ECF No. 1108 (*see* Note 1) to be heard by the District Court, whereas, in the Prior Notice, Mr. Akouete elected that the appeal of this Court's Orders at ECF Nos. 1037, 1038, and 1058 (collectively, the "Orders Subject to Prior Appeal") be heard by the District Court.  The Prior Notice has been transmitted to the District Court.

Accordingly, it appears that the only Order of this Court that is properly the subject of the New Notice is the Order at ECF No. 1108, and the Court directs the Clerk's Office to transmit (1) the New Notice to the United States Bankruptcy Appellate Panel for the First Circuit (the "BAP") because Mr. Akouete has not elected that the appeal of that Order at ECF No. 1108 be heard by the District Court, along with a copy of this Order and (2) copies of this Order and the New Notice to the District Court for informational purposes because the New Notice references orders that are subject to the Prior Notice.

Dated: 02/05/2026

By the Court,

_____
Christopher J. Panos
United States Bankruptcy Judge

---

[1] The New Notice identifies an Order dated January 30, 2026 as having been entered at ECF No. 1103, but this appears to be a typographical error.  The Court entered an Order on January 30, 2026 with respect to Mr. Akouete's motion [ECF No. 1103] at ECF No. 1108.

<u>CERTIFICATE OF SERVICE</u>

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com



_____
Lolonyon Y Akouete