# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

---

**BAP NO. MW 26-003**

---

**Bankruptcy Case No. 23-40709-CJP**

---

**WESTBOROUGH SPE LLC,**
**Debtor.**

---

**LOLONYON AKOUETE,**
**Appellant.**

---

**Lamoutte, U.S. Bankruptcy Appellate Panel Judge.**

## ORDER DENYING APPELLANT'S MOTION TO TRANSFER APPEAL
## TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

Pending before the Panel is the Motion to Transfer Appeal to the United States District Court for the District of Massachusetts filed by Lolonyon Akouete (the "Appellant") on February 12, 2026. For the reasons discussed below, the motion to transfer is hereby **DENIED**.

## BACKGROUND

On February 2, 2026, the Appellant filed a Notice of Appeal and Statement of Election—captioned as an "amended" Notice of Appeal—regarding the bankruptcy court's January 30, 2026 order denying in part his Emergency Motion for Limited Clarification of Preliminary Injunction to Permit Procedural Appearance in Pending State Court Action. The Appellant also listed in the Notice of Appeal three prior orders which he had previously appealed to the U.S. District Court for the District of Massachusetts and which are pending before that court at

No. 1:26-cv-10037-WGY.[1]  The Appellant did not indicate in the Notice of Appeal that he was electing to have the present appeal heard by the district court, rather than by the Panel.

On February 5, 2026, the bankruptcy court issued an order stating that as the Appellant had already appealed the three prior orders to the district court, the Notice of Appeal would be treated as a new appeal of the order denying in part the Appellant's motion to clarify.  And, as the Appellant did not elect in the Notice of Appeal to have the new appeal heard by the district court, the bankruptcy court directed the bankruptcy court's clerk's office to transmit it to the Panel.

On February 12, 2026, the Appellant filed with the Panel the present motion seeking to transfer this appeal to the district court for consolidation with the district court appeal.  As grounds, he asserts: (1) he had intended for this appeal to be heard by the district court; (2) there is a "substantial overlap of issues" in the appeals, which "arise from a common factual and legal nucleus concerning the Trustee's conduct, managerial authority disputes, and the scope and justification for restraints on state-court litigation affecting Appellant's asserted claims"; (3) transfer of this appeal to the district court would serve "judicial economy" as it "would avoid redundant proceedings and conflicting interpretations of central legal questions regarding trustee conduct, injunction scope, and governance disputes"; and (4) the Appellant, who is pro se, "faces significant practical difficulty managing simultaneous briefing and coordination across two appellate forums."

---

[1]  The three orders on appeal before the district court are: (1) the December 24, 2025 order granting the chapter 7 trustee's motion for entry of an order approving and authorizing a settlement agreement among several parties (Dkt. No. 1038); (2) the December 24, 2025 order granting the trustee's motion for an order authorizing the private sale of real property free and clear of liens under 11 U.S.C. § 363(f) (Dkt. No. 1037); and (3) the January 5, 2026 order denying the Appellant's motion for allowance and payment of an administrative expense claim (Dkt. No. 1058).

**DISCUSSION**

Pursuant to 28 U.S.C. § 158(c)(1)(A), all appeals from orders of the bankruptcy court are to be heard by the bankruptcy appellate panel unless: "(A) the appellant elects at the time of filing the appeal; or (B) any other party elects, not later than 30 days after service of notice of appeal; to have such appeal heard by the district court." 28 U.S.C. § 158(c)(1)(A). To elect to have the district court hear an appeal, a party must: (1) file a statement of election which "substantially conform[s]" to Official Bankruptcy Form 417A; and (2) do so within the time prescribed by 11 U.S.C. § 158(c)(1). Fed. R. Bankr. P. 8005(a). Consistent with the foregoing, BAP Local Rule 8005-1(a) provides that "all appeals from bankruptcy courts are to the BAP, unless one of the parties to the appeal elects to have the district court hear the appeal." 1st Cir. BAP L.R. 8005-1(a). BAP Local Rule 8005-1(a) also provides that an appellant electing to have the district court hear the appeal "must indicate the election in the notice of appeal," and that "[f]ailure to include a statement of election in a notice of appeal will result in a waiver of the right of election under 28 U.S.C. § 158(c)(1)." 1st Cir. BAP L.R. 8005-1(b)(1).

The rules are clear. The Appellant failed to indicate in his Notice of Appeal that he was electing to have the district court hear this appeal, and, therefore, he has waived the right of election under of 28 U.S.C. § 158(c)(1). See 1st Cir. BAP L.R. 8005-1(b)(1). He cannot overcome this failure by filing a motion with the Panel to transfer the appeal to the district court.

Furthermore, the Panel declines to transfer the appeal to the district court "to further the interests of justice." See B.A.P. 1st Cir. L.R. 8005-1(c) (providing that the "BAP may transfer an appeal to the district court to further the interests of justice or for any other reason the BAP deems appropriate including circumstances where a timely statement of election has been filed in a related appeal"). This appeal arises from an order denying in part the Appellant's motion

seeking clarification regarding the scope of a preliminary injunction issued by the bankruptcy court on September 24, 2025.  The preliminary injunction enjoins the Appellant from "taking any action to litigate or prosecute in any way the claims asserted in the action styled <u>Akouete v. Mignonette Investments Ltd.</u>; Massachusetts Superior Court Department of the Trial Court, CA No. 2584CV2036G."  The Appellant sought clarification that the preliminary injunction did not prohibit him from: (1) appearing at a February 4, 2026 hearing in the state court case; (2) requesting remote access with respect to that hearing; (3) filing an affidavit of service in that case; or (4) seeking entry of default in that case.  The bankruptcy court clarified that the Appellant could: (1) appear and provide a status report at the hearing; (2) request to appear at the hearing remotely; and (3) seek a stay of the state court case.  The Appellant could not, however, file an affidavit of service relating to his efforts to obtain a default, request entry of default, or seek other relief.  The Panel is hard-pressed to see how the bankruptcy court's order clarifying the scope of the preliminary injunction relates to his appeal of the bankruptcy court's orders approving a settlement, authorizing the sale of property, and denying the Appellant's administrative expense claim.  As such, the interests of justice would not be served by transferring this appeal to the district court.

**<u>CONCLUSION</u>**

Accordingly, the motion to transfer is hereby **DENIED.**

FOR THE PANEL:

Dated: February 18, 2026            By:  /s/ Arielle B. Adler
                                          Arielle B. Adler, Clerk

cc:
By email: Lolonyon Akouete
By U.S. mail: Westborough SPE LLC
By CM/ECF: Christine Devine, Esq.; Jonathan Goldsmith, Esq.; Richard King, Esq.

4
