# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

---

### BAP NO. MW 26-003

---

### Bankruptcy Case No. 23-40709-CJP

---

### WESTBOROUGH SPE LLC,
### Debtor.

---

### LOLONYON AKOUETE,
### Appellant.

### v.

### NATHANSON & GOLDBERG, P.C, Petitioning Creditor
### THE MOBILESTREET TRUST, Petitioning Creditor,
### JONATHAN GOLDSMITH, Chapter 7 Trustee,
### TOWN OF WESTBOROUGH, Creditor,
### Appellees.

---

## EMERGENCY MOTION TO MODIFY PRELIMINARY INJUNCTION TO PRESERVE MEANINGFUL APPELLATE REVIEW

Appellant Lolonyon Akouete respectfully moves for emergency, narrowly tailored modification of the Preliminary Injunction entered on September 24, 2025 in Adversary Proceeding No. 25-04027-CJP, as later clarified by the Bankruptcy Court in its January 30, 2026 Order (ECF No. 1108).

This motion is not a request to relitigate the merits of the adversary proceeding. It is not a request to seek damages, default, collection activity, or adjudication of any state court claims. It seeks only limited modification necessary to prevent the injunction from operating as a structural barrier to meaningful appellate review across multiple pending appeals arising from related bankruptcy orders.

## I. Procedural Background and Context

This appeal arises from a multi-year sequence of interrelated proceedings involving the loss and attempted recovery of a high-value commercial property located at 231 Turnpike Road, Westborough, Massachusetts; associated California unclaimed property funds exceeding $1.2 million; the filing of an involuntary Chapter 7 petition; approval of a global settlement; authorization of a private sale pursuant to 11 U.S.C. § 363; denial of Appellant's administrative expense claim; denial of targeted discovery and Rule 2004 relief; entry and clarification of a preliminary injunction restraining related state-court litigation; and the eventual disallowance of Appellant's creditor claim on summary judgment.

These matters are presently pending in multiple separately docketed appeals arising from distinct bankruptcy orders entered in Case No. 23-40709-CJP. The fragmentation of the appellate posture is not disputed. The orders under review include the following:

In District Court Case No. 1:26-cv-10037-WGY, Appellant appeals the December 24, 2025 Order Granting Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release pursuant to Fed. R. Bankr. P. 9019 (Dkt. No. 1038); the December 24, 2025 Order Authorizing the Private Sale of 231 Turnpike Road Free and Clear pursuant to 11 U.S.C. § 363(f), approving the Purchase and Sale Agreement and authorizing disbursements (Dkt. No. 1037); and the January 5, 2026 Order Denying Creditor Lolonyon Akouete's Motion for Allowance and Payment of Administrative Expense Claim (Dkt. No. 1058), which arose from Appellant's Motion at Dkt. No. 1023.

In District Court Case No. 1:26-cv-10912-JEK, Appellant appeals the February 4, 2026 Order (Dkt. No. 1139) denying Rule 56(b) and 56(d) motions seeking limited discovery regarding IRS Forms SS-4 and 8822-B and related authority records, and the February 5, 2026 Order (Dkt. No. 1145) denying Rule 2004 examination and subpoena authority directed to Goulston & Storrs PC.

In District Court Case No. 1:26-cv-10888-WGY, Appellant appeals the February 17, 2026 Memorandum of Decision and Order (Dkt. No. 1179) granting the Trustee's motion for summary judgment, denying cross-motions, sustaining objections to Claim No. 4 and Claim No. 5, and determining that Appellant was not a creditor and had not possessed managerial authority with respect to the Debtor.

In the present appeal before this Panel, BAP No. MW 26-003, Appellant challenges the January 30, 2026 Order (Dkt. No. 1108) clarifying the Preliminary Injunction entered September 24, 2025.

Although these appeals proceed separately, they arise from a common structural core: contested authority and governance determinations, a disputed foreclosure foundation, constrained record development, and an integrated sale and settlement framework.

The Preliminary Injunction was entered while summary judgment on the Trustee's claim objections was under advisement. The Trustee represented that parallel state court proceedings risked inconsistent rulings. The injunction broadly restrained Appellant from prosecuting the Suffolk Superior Court action styled Akouete v. Mignonette Investments Ltd., C.A. No.

2584CV02036G. The January 30, 2026 clarification allowed limited status appearances but continued to prohibit substantive prosecution and enforcement of subpoenas.

On February 17, 2026, the Bankruptcy Court entered its summary judgment ruling (Dkt. No. 1179). That ruling fundamentally altered the procedural posture that originally justified the injunction. The dispositive decision has now issued. The injunction no longer preserves a pre-decision status quo. Instead, it operates post-judgment to prevent development of documentary evidence directly bearing on authority, governance, and standing findings that underlie multiple pending appeals.

## II. Pattern of Procedural Obstruction Regarding Governance Records and Prior Efforts in the Bankruptcy Court

This motion does not arise from a single adverse discovery ruling. It arises from a cumulative procedural structure that has repeatedly foreclosed access to primary-source governance documentation while dispositive rulings have proceeded.

Throughout 2025 and early 2026, Appellant sought limited discovery concerning the Debtor's formation, governance, and foundational authority records. These documents include original formation documentation, retainer agreements from 1997–1998, EIN assignment records, IRS Form SS-4 filings, responsible-party updates, and related correspondence reflecting entity authority and control. These documents are not peripheral. They go directly to the Trustee's authority narrative and to the Bankruptcy Court's ultimate determination that Appellant never possessed managerial authority and was not a creditor.

The Bankruptcy Court denied a renewed motion to reopen discovery for limited governance and retainer documentation on July 31, 2025, reasoning that summary judgment motions were pending and that the record had closed. Thereafter, Appellant filed narrowly tailored motions under Fed. R. Civ. P. 56(b) and 56(d), as incorporated by Fed. R. Bankr. P. 7056, seeking limited discovery necessary to address dispositive authority issues. Those motions were denied by Order dated February 4, 2026 (Dkt. No. 1139), on the grounds that discovery had previously closed and that the information could have been sought earlier.

On February 5, 2026, the Bankruptcy Court denied Appellant's Motion for Authorization of Rule 2004 Examination and Issuance of Subpoena Duces Tecum to Goulston & Storrs PC (Dkt. No. 1145), again declining to reopen any procedural avenue for record development and noting that the Trustee, as estate representative, possessed authority to obtain records if he deemed them necessary.

At the same time, the Trustee declined written requests to pursue or authorize retrieval of foundational governance records. Thus, Appellant was placed in a procedural bind: the Trustee would not obtain the records; the Court would not reopen discovery; Rule 2004 relief was denied; and the injunction prevented enforcement of subpoenas in the related state court action.

Recognizing that appellate preservation requires first seeking relief in the bankruptcy court, Appellant filed Dkt. No. 1187 on February 20, 2026 — an Emergency Motion to Modify

Preliminary Injunction for Limited Purpose of Subpoena Enforcement Necessary to File Timely Motion for Reconsideration. That motion sought the same narrow relief requested here: limited modification solely to allow enforcement of an existing subpoena so that documentary evidence could be obtained before expiration of post-judgment deadlines.

The filing of Dkt. No. 1187 reflects Appellant's effort to exhaust remedies in the Bankruptcy Court before seeking relief from this Panel. The record further reflects that, contemporaneously, the adversary proceeding docket reflects continued litigation activity initiated by the Trustee concerning expansion of the injunction and related matters. On February 17, 2026, proceeding memoranda and orders were entered in connection with (i) the Trustee's Motion to Expand Scope of Preliminary Injunction and Motion for Contempt (Dkt. No. 48), (ii) the Trustee's Supplement to Motion to Expand Injunction and Request for Expedited Determination (Dkt. No. 68), and (iii) Appellant's Consolidated Special Motion to Dismiss and Opposition (Dkt. No. 71). The hearing on those matters was continued to March 5, 2026.

In addition, by Order dated February 12, 2026 (Dkt. No. 85), the Bankruptcy Court denied Appellant's Emergency Motion for Judgment on the Pleadings, to Expedite Hearing, and to Stay or Dissolve Preliminary Injunction, stating that the movant failed to state sufficient cause for emergency consideration.

This pattern demonstrates that Appellant has not bypassed the Bankruptcy Court. Appellant has repeatedly sought narrow procedural relief necessary to preserve record development and appellate rights. The Bankruptcy Court has either denied those requests outright or declined to grant emergency consideration.

The cumulative effect is that no procedural avenue remains open in the Bankruptcy Court for Appellant to obtain primary-source governance documentation before expiration of post-judgment deadlines, even though the Trustee's authority theory and the Bankruptcy Court's summary judgment ruling (Dkt. No. 1179) rest upon contested assertions concerning managerial succession and authority.

This Panel therefore confronts not a hypothetical concern, but a developed procedural record demonstrating that Appellant sought the same limited relief below, that relief was denied or deferred, and that the injunction continues to function as a barrier to obtaining evidence directly relevant to issues now pending on appeal.

The prejudice resulting from the September 30, 2025 Order is not speculative. It is concrete, documented, and ongoing.

On September 29, 2025, Defendant filed an Emergency Motion for Reconsideration of the September 26, 2025 Order denying clarification of the Preliminary Injunction. That motion did not seek to prosecute stayed claims or to evade the injunction. It sought narrowly tailored preservation relief to permit voluntary compliance, objections, privilege logs, and custodian certifications in response to two already-served Rule 45 subpoenas—one directed to Babcock & Brown concerning IRS Form 147C documentation identifying the responsible party for

Mignonette Investments Limited, and one directed to Goulston & Storrs seeking 1997–1998 formation records relating to Westborough SPE LLC and Mignonette.

Those subpoenas sought evidence central to the Trustee's merits theory in the adversary proceeding—namely, that F. Jan Blaustein Scholes lacked authority. The IRS Form 147C documentation directly bears on responsible-party designation and corporate control. The formation records at Goulston & Storrs bear directly on the chain of managerial authority, the original governance structure, the October 22, 1997 Operating Agreement, the October 30, 1997 Participation Agreement, and contemporaneous communications involving identified individuals central to the Trustee's authority theory. These materials are foundational corporate records, not collateral discovery.

On September 30, 2025, the Court entered an order denying the request for an emergency hearing, stating that the substantive relief would be considered "in the ordinary course." No temporary preservation relief was granted. No clarification issued concerning voluntary compliance. No protective language was entered to ensure document retention pending further proceedings.

The effect of that order was immediate. Third-party custodians, already uncertain about the scope of the Preliminary Injunction, withheld production pending further court guidance. Goulston & Storrs explicitly indicated confidentiality concerns tied to decades-old representation and refused production absent clear authority. TMF Group, a prior service provider connected to Mignonette, later declared under penalty of perjury that responsive documents were no longer in its possession because they had been discarded upon termination of its engagement. CSC confirmed that services were discontinued and that records were limited or unavailable.

The record demonstrates that documents held by third-party service providers are routinely purged upon termination of representation or expiration of retention periods. The September 30, 2025 Order denied immediate preservation guidance at precisely the moment when preservation was critical. Months have now elapsed. To date, Defendant has not obtained the requested relief or the requested documents.

The prejudice is therefore structural and irreversible in nature. The evidence sought was not cumulative; it was foundational. It concerned the original 1997 formation of the entity, the Participation Agreement, responsible-party designations, and communications involving specifically identified individuals central to the Trustee's authority theory. These are not documents that can be recreated through testimony. They are contemporaneous corporate records. Once purged or destroyed, they are permanently unavailable.

Moreover, Defendant is indigent and incurred issuance and service costs for the subpoenas. The denial of emergency clarification effectively required re-issuance, duplication of expense, and further delay—without any corresponding protection of the evidentiary record. The denial did not preserve the status quo; it exposed the evidentiary record to attrition while postponing substantive consideration.

The prejudice is amplified by the passage of time. From September 30, 2025 to the present, no preservation order has issued. No clarification has been granted. No emergency hearing was held. During that time, third-party record custodians have either declined to produce or affirmatively represented that documents no longer exist.

The prejudice is also manifest in parallel proceedings. In Suffolk Superior Court Civil Action No. 2584CV02036, *Akouete v. Mignonette Investments Limited*, the Court denied Plaintiff's Motion for Entry of Default and Default Judgment on February 4, 2026 (docketed February 6, 2026), stating: "Denied as Plaintiff has yet to establish service." Thus, Plaintiff has been denied relief in Superior Court for failure to establish service on the very entity whose governance and responsible-party documentation is being withheld or lost. At the same time, within the bankruptcy proceedings, the Trustee has proceeded on notice theories directed to the same party. The inability to obtain foundational corporate and responsible-party records directly impairs Defendant's ability to establish service in Superior Court, while parallel proceedings continue elsewhere.

This is not a theoretical or procedural inconvenience. It is an evidentiary impairment with cross-court consequences. The denial of preservation clarification has affected not only discovery posture but the ability to establish jurisdictional predicates in related litigation.

This is not hypothetical harm. It is the loss—or imminent loss—of probative evidence central to contested issues in the adversary proceeding and the bankruptcy case, combined with demonstrable procedural prejudice in parallel proceedings.

Appellate review is therefore not academic. The denial of emergency preservation relief has already altered the evidentiary landscape, impaired Defendant's ability to present material evidence bearing directly on authority and governance, and affected the ability to establish service and proceed in related litigation. The harm has occurred and continues to occur with the passage of time.

## III. Changed Circumstances Since Entry of the Injunction

The injunction was entered during the pendency of summary judgment based on asserted concerns about overlap and inconsistent rulings. Those concerns do not supply a lawful basis for injunctive relief under § 105(a), and in any event, the summary judgment ruling has now issued. The Bankruptcy Court has determined that Appellant was not a creditor and had never possessed managerial authority.

Appellant now faces limited post-judgment windows under Rule 59(e), as incorporated by Fed. R. Bankr. P. 9023. Without access to formation and governance records, Appellant is procedurally foreclosed from presenting newly obtained documentary evidence that may directly affect the authority and standing determinations.

The injunction's practical function has therefore shifted. It no longer prevents inconsistent rulings. It prevents evidentiary development necessary for post-judgment and appellate review.

## IV. Structural Connection to the Pending Appeals

The connection between the injunction and the other appeals is structural.

The settlement approval (Dkt. 1038), sale authorization (Dkt. 1037), administrative expense denial (Dkt. 1058), discovery denials (Dkt. 1139 and 1145), and claim disallowance (Dkt. 1179) are interdependent. Authority and governance findings underlie the claim disallowance ruling. That ruling impacts standing and distribution posture. The sale and settlement were integrated and relied upon a coordinated authority narrative.

If authority and governance findings were made on a record that Appellant was procedurally barred from fully developing, then appellate review of those orders is compromised. The injunction currently prevents development of documentary evidence that may bear directly on those authority determinations.

This is not an attempt to reopen the merits of the adversary proceeding. It is an effort to prevent the injunction from operating as a barrier to meaningful appellate review.

## V. Irreparable Procedural Harm

If modification is denied, Appellant will permanently lose the opportunity to obtain documentary evidence before expiration of post-judgment deadlines. Once reconsideration deadlines pass and appeals proceed on a closed record, the ability to correct factual predicates becomes severely constrained.

Meaningful appellate review requires a record capable of testing the factual foundations of the rulings under review. Where procedural mechanisms combine to prevent access to primary-source evidence while finality and mootness doctrines are invoked, structural unfairness becomes acute.

## VI. Narrow Relief Requested

Appellant seeks only limited modification allowing enforcement of an existing subpoena directed to Goulston & Storrs PC and, if necessary, a motion to compel compliance strictly limited to document production. Appellant does not seek default, damages, adjudication of state claims, collection activity, or interference with estate property.

Any documents obtained would be used solely for post-judgment relief and appellate record development.

This modification would not disturb the sale, settlement, or distribution orders. It would not interfere with estate administration. It would permit preservation and development of documentary evidence directly relevant to authority and governance issues already litigated.

## VII. Request for Expedited Consideration

Because post-judgment deadlines are running and the harm is time-sensitive, Appellant respectfully requests expedited consideration or temporary administrative modification pending hearing.

## VIII. Conclusion

For the foregoing reasons, Appellant respectfully requests that the Preliminary Injunction be modified solely to permit enforcement of the subpoena for governance documentation and related document production necessary to preserve meaningful appellate review.

DATED: February 20, 2026, Respectfully submitted:

By creditor/Appellant,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276



## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re:**<br>**Westborough SPE LLC**<br>   **Debtor(s)** | **Chapter 7**<br>**Case No. 23-40709-CJP** |
| **Jonathan R. Goldsmith, Chapter 7 Trustee**<br>   **Plaintiff(s),**<br><br>**v.**<br><br>**Lolonyon Akouete**<br>   **Defendant(s).** | **Adversary Proceeding**<br>**No. 25-04027-CJP** |

## ORDER

**MATTER:**

#30 Emergency Motion for Reconsideration of September 26, 2025 Order Denying Clarification (DKT. 23), or, in the Alternative, for Leave to Appeal Interlocutory Order; and for Temporary Preservation Relief (Re: 24 Order dated 9/26/2025).

REQUEST FOR EMERGENCY HEARING IS DENIED. AFTER CONSIDERATION, MOVANT HAS NOT STATED A SUFFICIENT BASIS FOR AN EMERGENCY HEARING ON HIS MOTION FOR RECONSIDERATION. THE SUBSTANTIVE RELIEF REQUESTED IN THE MOTION WILL BE CONSIDERED IN THE ORDINARY COURSE, AND THE MOVANT SHALL COMPLY WITH ALL PRIOR ORDERS OF THE COURT.

Dated: 09/30/2025

By the Court,

Christopher J. Panos
United States Bankruptcy Judge



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re:**<br><br>**Westborough SPE LLC**<br>    **Debtor(s)** | **Chapter 7**<br>**Case No. 23-40709-CJP** |
| **Jonathan R. Goldsmith, Chapter 7 Trustee**<br>    **Plaintiff(s),**<br><br>**v.**<br><br>**Lolonyon Akouete**<br>    **Defendant(s).** | **Adversary Proceeding**<br>**No. 25-04027-CJP** |

## ORDER

**MATTER:**

#34 Defendant's Emergency Motion for Reconsideration of Preliminary Injunction Order (ECF No. 16), Request for Written Findings Under Rule 52(a)(2), and, In the Alternative, to Modify the Injunction with Narrowly Tailored Terms (Re: 16 Preliminary Injunction).

DENIED FOR THE REASONS STATED ON THE RECORD IN GRANTING INJUNCTIVE RELIEF [ECF No. 37], IN THE ORDER ENJOINING THE MOVANT [ECF No. 16], IN THE ORDER CLARIFYING THE INJUNCTION [ECF No. 24], IN THE ORDER DENYING RECONSIDERATION [ECF No. 24], AND IN THE ORDER DENYING RECONSIDERATION [ECF No. 35]. THE COURT NOTES THAT IT MADE DETAILED FINDINGS ON THE RECORD SUPPORTING ITS ORDERS AND THAT, WHILE THE MOVANT CONTENDS THAT HE LACKED A MEANINGFUL OPPORTUNITY TO BE HEARD, IT IS CLEAR FROM THE RECORD THAT THE COURT CONSIDERED ALL OF THE MOVANT'S FILINGS ON THE DOCKET AND HIS ORAL PRESENTATION WHERE HE STATED THAT HE WOULD RELY ON THOSE FILINGS. AS STATED ON THE RECORD, THE COURT ADOPTED THE ASSERTIONS SET OUT BY THE TRUSTEE IN THE MOTION AND COMPLAINT IN FINDING THAT THE

TRUSTEE HAD MET HIS BURDEN. TO BE CLEAR, THE COURT FOUND AND FINDS THAT THERE IS SIGNIFICANT RISK OF INCONSISTENT RULINGS OR FINDINGS IN THE STATE COURT LITIGATION AND THAT FURTHER PROSECUTION OF THAT CASE BY THE MOVANT IS LIKELY TO CAUSE IRREPARABLE HARM, AN ABUSE OF PROCESS, AND INTERFERENCE WITH THE ADMINISTRATION OF THIS ESTATE. FURTHER, THE BALANCE OF THE HARMS AND PUBLIC INTEREST WEIGH HEAVILY IN FAVOR OF THE TRUSTEE IN OBTAINING THE REQUESTED ORDER STAYING FURTHER ACTIVITY IN THAT CASE AT LEAST UNTIL THIS COURT RULES ON PENDING MOTIONS FOR SUMMARY JUDGMENT.

TO THE EXTENT THAT THE MOTION REQUESTS A STAY PENDING APPEAL, THAT REQUEST IS DENIED BECAUSE THE MOVANT CANNOT DEMONSTRATE LIKELIHOOD OF SUCCESS OF AN APPEAL.

Dated: 10/06/2025

By the Court,

Christopher J. Panos
United States Bankruptcy Judge



## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re:**<br>**Westborough SPE LLC**<br>     **Debtor(s)** | **Chapter 7**<br>**Case No. 23-40709-CJP** |
| **Jonathan R. Goldsmith, Chapter 7 Trustee,**<br>     **Plaintiff(s),**<br>**v.**<br>**Lolonyon Akouete**<br>     **Defendant(s).** | **Adversary Proceeding**<br>**No. 25-04027-CJP** |

### ORDER

**MATTER:**

#84 Emergency Motion filed by Defendant Lolonyon Akouete for Judgment on the Pleadings, to Expedite Hearing, and to Stay or Dissolve Preliminary Injunction.

AFTER CONSIDERATION, THE MOVANT FAILS TO STATE SUFFICIENT CAUSE FOR EMERGENCY CONSIDERATION. THE MOVANT ALREADY HAS A PENDING "SPECIAL MOTION TO DISMISS" SCHEDULED FOR FEBRUARY 17, 2026, AND IT WOULD APPEAR THAT THE MATTERS PENDING FOR HEARING ON FEBRUARY 17, 2026 OVERLAP WITH AND MAY DETERMINE CERTAIN MATTERS THAT ARE THE SUBJECT OF THE MOTION FOR JUDGMENT ON THE PLEADINGS. THE COURT WILL ESTABLISH A RESPONSE DEADLINE AND HEARING DATE FOR THE MOTION, IF NECESSARY, AFTER IT DETERMINES THE MATTERS SCHEDULED FOR HEARING ON FEBRUARY 17, 2026.

Dated: 02/12/2026

By the Court,

_____

Christopher J. Panos
United States Bankruptcy Judge



## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re:**<br>**Westborough SPE LLC**<br>    Debtor(s) | **Chapter 7**<br>**Case No. 23-40709-CJP** |
| **Jonathan R. Goldsmith, Chapter 7**<br>**Trustee**<br>    Plaintiff(s),<br>**v.**<br>**Lolonyon Akouete**<br>    Defendant(s). | **Adversary Proceeding**<br>**No. 25-04027-CJP** |

### PROCEEDING MEMORANDUM AND ORDER

**MATTER:**

#71 Defendants Consolidated Special Motion to Dismiss Under G.L. c. 231, § 59H (Anti-Slapp), Answer-In-Substance to Trustees Amended Complaint, and Opposition to Trustees Supplement and Request to Expand Injunction filed by Defendant Lolonyon Akouete (Re: #67 Plaintiff's Amended Complaint, #68 Plaintiff's Supplement to Motion to Expand Injunction and Request for Expedited Determination (Re: #48 Motion for Preliminary Injunction)).

**Decision set forth as follows:**

HYBRID HEARING HELD AND CONTINUED TO MARCH 5, 2026 AT 2:30 P.M. IN COURTROOM 1, 12TH FLOOR, JOHN W. MCCORMACK POST OFFICE AND COURT HOUSE, 5 POST OFFICE SQUARE, BOSTON, MA WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN MARCH 4, 2026 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO.

Dated: 02/17/2026

By the Court,

_____
Christopher J. Panos
United States Bankruptcy Judge



## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Westborough SPE LLC<br><br>Debtor | Chapter 7<br>23-40709-CJP |

## ORDER

**MATTER:**

#827 Renewed Motion filed by Creditor Lolonyon Akouete to Reopen Discovery for Limited Purposes to Obtain IRS and Retainer Documentation.

DENIED. THE MOVANT DOES NOT PROFFER SUFFICIENT CAUSE TO RE-OPEN DISCOVERY PARTICULARLY GIVEN THAT MOTIONS FOR SUMMARY JUDGMENT HAVE BEEN FILED AND THE SUMMARY JUDGMENT RECORD IS CLOSED. AS TO THE REQUESTED SUBPOENA TO THE IRS, THE MOVANT DOES NOT SET OUT ANY REASON WHY THE DISCOVERY COULD NOT HAVE BEEN TIMELY SERVED WITHIN THE DISCOVERY PERIOD. AS TO THE REQUESTED DISCOVERY FROM GOULSTON & STORRS PC, THE MOVANT HAS MADE SIMILAR REQUESTS IN THE PAST. LIMITED DISCOVERY WAS PERMITTED, BUT THE RELEVANCE TO THE TRUSTEE'S OBJECTION TO THE MOVANT'S CLAIM OF POTENTIALLY PRIVILEGED RETENTION INFORMATION FROM 1997-1998 IS SPECULATIVE.

Dated: 07/31/2025

By the Court,

Christopher J. Panos
United States Bankruptcy Judge



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:   Westborough SPE LLC | Chapter 7 |
| Debtor | 23-40709-CJP |

## ORDER

**MATTERS:**

#940 Emergency Supplemental Motion to Compel Complete Identification of Transaction Participants and Production of Records without Delaying Summary Judgment filed by Creditor Lolonyon Akouete;

#956 Opposition of Goulston & Storrs PC to Emergency Supplemental Motion to Compel (Docket No. 940) and Cross-Motion for an Order Prohibiting Mr. Akouete from Serving Additional Subpoenas, Filing Additional Motions, or Filing Claims Directed at Goulston & Storrs PC Without First Obtaining a Court Order; and

#958 Emergency Motion For Expedited Determination of Discovery Issue (Dkt. No. 940) and For Relief in Adversary Proceeding No. 25-04027-CJP filed by Creditor Lolonyon Akouete.

THE "EMERGENCY SUPPLEMENTAL MOTION TO COMPEL COMPLETE IDENTIFICATION OF TRANSACTION PARTICIPANTS AND PRODUCTION OF RECORDS WITHOUT DELAYING SUMMARY JUDGMENT" [ECF NO. 940] (THE "MOTION TO COMPEL") AND THE "EMERGENCY MOTION FOR EXPEDITED DETERMINATION OF DISCOVERY ISSUE (DKT. NO. 940) AND FOR RELATED RELIEF IN ADVERSARY PROCEEDING NO. 25-04027-CJP" [ECF NO. 958] (THE "MOTION FOR EXPEDITED DETERMINATION AND OTHER RELIEF," TOGETHER WITH THE MOTION TO COMPEL, THE "MOTIONS") OF LOLOYON AKOUETE AND THE "OPPOSITION OF GOULSTON & STORRS PC TO EMERGENCY SUPPLEMENTAL MOTION TO COMPEL (DOCKET NO. 940) AND CROSS-MOTION FOR AN ORDER PROHIBITING MR. AKOUETE FROM SERVING ADDITIONAL SUBPOENAS, FILING ADDITIONAL MOTIONS, OR FILING CLAIMS DIRECTED AT GOULSTON & STORRS PC WITHOUT FIRST OBTAINING A COURT ORDER" [ECF NO. 956] (THE "CROSS-MOTION") OF GOULSTON & STORRS PC ("G&S") ARE DENIED AS FOLLOWS.

THE COURT HAS CONSIDERED THE MOTIONS, THE OPPOSITION AND CROSS-MOTION, THE REPLY OF MR. AKOUETE AT ECF NO. 957, AND THE RESPONSE AND LIMITED OBJECTION OF THE CHAPTER 7 TRUSTEE AT ECF NO. 959, TOGETHER WITH THE ENTIRE RECORD IN THIS CASE.  AS HAS BEEN STATED IN RELATION TO PAST MOTIONS, ANY POTENTIALLY RELEVANT INFORMATION POSSESSED BY G&S RELATES TO A REPRESENTATION BY THAT FIRM THAT ENDED IN 1998. LIMITED DISCOVERY WAS PERMITTED, AND G&S PROVIDED AN AFFIDAVIT BY G&S PURSUANT TO AN ORDER OF THIS COURT.  MR. AKOUETE ASSERTS THAT CORRESPONDENCE OBTAINED FROM

*Page 2 of 2*

THIRD PARTIES INDICATES THAT G&S COMMUNICATED WITH PERSONS IN 1997 AND 1998 REGARDING THE FORMATION OF THE DEBTOR THAT WERE NOT IDENTIFIED IN THE G&S AFFIDAVIT.  MR. AKOUETE DOES NOT LINK THE REQUESTED ADDITIONAL DISCOVERY TO ANY PENDING ADVERSARY PROCEEDING OR CONTESTED MATTER. HE STATES THAT "HE SEEKS ONLY A FAIR OPPORTUNITY TO OBTAIN FACTUAL INFORMATION NECESSARY FOR SERVICE AND ADJUDICATION." ECF NO. 958. HE REFERENCES A NEED TO SERVE MIGNONETTE AND ADVANCE "ADVERSARY CLAIMS." MOTIONS FOR SUMMARY JUDGMENT ARE PENDING AND THE SUMMARY JUDGMENT RECORD IS CLOSED WITH RESPECT TO THE OBJECTION TO MR. AKOUETE'S CLAIM. AT THIS JUNCTURE, THE COURT WILL NOT RE-OPEN DISCOVERY AND, WEIGHING THE POTENTIAL RELEVANCE OF INFORMATION FROM 1997 AND 1998 AGAINST THE ADDITIONAL BURDEN ON A NON-PARTY WITNESS AFTER THE DISCOVERY DEADLINE, THE COURT FINDS THAT THE REQUESTED ADDITIONAL DISCOVERY IS DISPROPORTIONAL AND PRECLUDED BY EARLIER ORDERS OF THIS COURT.

IT FURTHER APPEARS THAT MR. AKOUETE IS ATTEMPTING TO CONDUCT ADDITIONAL DISCOVERY IN AID OF HIS ATTEMPT TO SERVE MIGNONETTE IN CONNECTION WITH STATE COURT LITIGATION THAT HE HAS COMMENCED, WHICH IS AN IMPROPER PURPOSE.

IN ITS CROSS-MOTION, G&S REQUESTS AN ORDER FROM THIS COURT RESTRAINING MR. AKOUETE. THAT REQUEST IS DENIED WITHOUT PREJUDICE, BUT MR. AKOUETE MAY NOT CONDUCT ANY DISCOVERY IN RELATION TO THE PENDING CONTESTED MATTER WHERE THE DISCOVERY DEADLINE HAS PASSED.  FURTHER, NO THIRD PARTY IS REQUIRED TO RESPOND TO DISCOVERY REQUESTS RELATED TO THIS CASE OR ANY RELATED ADVERSARY PROCEEDING UNTIL FURTHER ORDER OF THIS COURT OR UNLESS IN RELATION TO PENDING ORDERS OF THE COURT PREVIOUSLY ENTERED.

MR. AKOUETE SHALL SERVE NOTICE OF THIS ORDER ON ANY THIRD PARTY WITH WHOM HE COMMUNICATES REGARDING A PREVIOUSLY SERVED DISCOVERY REQUEST.

Dated: 10/31/2025

By the Court,

Christopher J. Panos
United States Bankruptcy Judge



## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| In re: | Westborough SPE LLC | Chapter 7 |
|---|---|---|
| | Debtor | 23-40709-CJP |

### ORDER

**MATTER:**

#1074 Motion filed by Lolonyon Akouete For Entry of a Narrow Order Directing the Internal Revenue Service to Release Forms SS-4 and 8822-B (FED.R.CIV.P.56(b), as Incorporated by FED.R.BANKR.P. 7056);

#1083 Emergency Motion filed by Lolonyon Akouete Relief Under Fed. R. Civ. P. 56(d) (As Incorporated by Fed. R. Bank. P. 7056) for Expedited, Limited Discovery to Clarify Dispositive Authority Facts for Summary Judgement.

UPON CONSIDERATION OF THE MOTIONS AT ECF NOS. 1074 AND 1083 (THE "MOTIONS"), THE OBJECTION TO OF THE TRUSTEE, THE RESPONSE OF MR. AKOUETE, AND THE RECORD OF THIS CASE, THE MOTIONS ARE DENIED.

DISCOVERY CLOSED IN APRIL OF 2025, AND MOVANT FILED A MOTION FOR SUMMARY JUDGMENT AND DID NOT SEEK ANY EXTENSION OF THE DEADLINE PRIOR TO THE CLOSING OF THE SUMMARY JUDGMENT RECORD. FURTHER, THE INFORMATION IDENTIFIED BY MOVANT AS POSSIBLY EXISTING WOULD HAVE BEEN AVAILABLE DURING THE DISCOVERY PERIOD AND MAY HAVE ONLY TANGENTIAL RELEVANCE, WHICH WOULD HAVE BEEN KNOWN DURING THE DISCOVERY PERIOD. FURTHER, AS SET OUT IN THE TRUSTEE'S OBJECTION AT PARAGRAPHS 12 -15, THE SUPPLEMENTAL DISCOVERY IDENTIFIED IS UNLIKELY TO GARNER USEFUL EVIDENCE IN CONSIDERING THE MOTIONS FOR SUMMARY JUDGMENT THAT ARE UNDER ADVISEMENT, AND MOVANT HAS NOT MET HIS BURDEN TO DEMONSTRATE THAT THE ADDITIONAL INFORMATION WOULD LIKELY INFLUENCE THE DISPOSITION OF THE SUMMARY JUDGMENT MOTIONS AND WOULD OUTWEIGH THE FACT THAT MOVANT DID NOT TIMELY SEEK THIS DISCOVERY.

Dated: 02/04/2026

By the Court,

Christopher J. Panos
United States Bankruptcy Judge



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Westborough SPE LLC<br><br>Debtor | Chapter 7<br>23-40709-CJP |

## ORDER

**MATTER:**

#1090 Motion for Authorization of Rule for 2004 Examination and Issuance of Subpoena Duces Tecum to Goulston & Storrs PC filed by Creditor Lolonyon Akouete; and

#1091 Supplement to Rule 2004 Motion Requesting Expedited Consideration and Providing Full Transaction Email Record, Participant Identification, and Analysis (Re: 1090 Motion for Authorization of Rule for 2004 Examination and Issuance of Subpoena Duces Tecum to Goulston & Storrs PC) filed by Creditor Lolonyon Akouete.

DENIED FOR THE REASONS SET FORTH PRIOR ORDERS DENYING SIMILAR RELIEF. *SEE, E.G.*, ECF NOS. 839 AND 962.

FURTHER, AS ESTATE REPRESENTATIVE, THE TRUSTEE HAS ACCESS TO AND MAY DEMAND TURNOVER ANY RECORDS OF THE DEBTOR HE DEEMS NECESSARY FOR ADMINISTRATION OF THE ESTATE. TO THE EXTENT THAT THE TRUSTEE HAS NOT MADE A DEMAND THAT GOULSTON & STORRS TURNOVER OR RETAIN RECORDS RELATING TO ITS REPRESENTATION OF THE DEBTOR (WHICH APPEARS TO HAVE BEEN ALMOST 20 YEARS AGO IN CONNECTION WITH THE FORMATION OF THE DEBTOR AND RELATED TRANSACTIONS), GOULSTON & STORRS SHALL PRESERVE ANY RECORDS IN IN POSSESSION, CUSTODY, OR CONTROL UNTIL THIS CASE IS CLOSED.

Dated: 02/05/2026

By the Court,

Christopher J. Panos
United States Bankruptcy Judge

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

SUFFOLK, ss.

SUPERIOR COURT
C.A. No. 2584CV02036 G

LOLONYON AKOUETE, )
)
Plaintiff, )
)
v. )
)
MIGNONETTE INVESTMENTS LIMITED, )
)
Defendant. )
)

## PLAINTIFF'S EMERGENCY MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Now comes Plaintiff Lolonyon Akouete ("Plaintiff") and respectfully moves this Honorable Court, pursuant to Mass. R. Civ. P. 55(b)(2), for **expedited entry of default judgment** against Defendant Mignonette Investments Limited ("Defendant").

This motion is brought on an **emergency basis** due to Plaintiff's severe financial hardship and urgent family medical obligations, as set forth in [Dkt. No. 6] Declaration of Lolonyon Akouete. Immediate relief is necessary to prevent further irreparable harm to Plaintiff, who lacks resources for daily subsistence and must provide direct support to a gravely ill family member.

## I. Procedural Background

1. On August 12, 2025, the Suffolk County Sheriff served the Summons, Complaint, Civil Action Cover Sheet, Tracking Order, and motions in hand on Corporation Service Company ("CSC"), contractually designated as Defendant's agent for service of process. (Affidavit ¶2, Ex. A).

2. On August 14, 2025, CSC issued a transmittal letter purporting to reject service on technical grounds. (Affidavit ¶3, Ex. B). Section 10.5 of the October 30, 1997 Participation Agreement demonstrates that CSC was irrevocably appointed as Defendant's agent for service of process in Massachusetts, rendering the service effective notwithstanding CSC's refusal. (Affidavit ¶4, Ex. C).

3. Pursuant to Mass. R. Civ. P. 12(a)(1), Defendant's responsive pleading was due within twenty (20) days of service, on or before September 2, 2025. No answer, appearance, or opposition has been filed. (Affidavit ¶5–6).

## II. Extraordinary Notice Efforts

4. In addition to Sheriff's service, Plaintiff exercised extraordinary diligence to ensure that notice reached Defendant's last known agents and controlling persons:

- TMF Corporate Services (BVI) Ltd., the last registered agent, whose resignation in 2017 was directed to itself and never reached any beneficial owner. (Affidavit ¶7(a)–(b), Exs. D-1, D-2).

WORCESTER, ss.

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) |  |
|  | ) |  |
|  | ) |  |
| JONATHAN R. GOLDSMITH, | ) |  |
| CHAPTER 7 TRUSTEE OF | ) |  |
| WESTBOROUGH SPE LLC | ) |  |
| Plaintiff, | ) | Adversary Proceeding |
| v. | ) | No. 25-04027-CJP |
|  | ) |  |
| LOLONYON AKOUETE, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

## EMERGENCY MOTION FOR RECONSIDERATION OF SEPTEMBER 26, 2025 ORDER DENYING CLARIFICATION (DKT. 23), OR, IN THE ALTERNATIVE, FOR LEAVE TO APPEAL INTERLOCUTORY ORDER; AND FOR TEMPORARY PRESERVATION RELIEF

Defendant Lolonyon Akouete ("Defendant"), pro se, moves on an emergency basis under Fed. R. Bankr. P. 9023 (Rule 59(e)) and, in the alternative, under 28 U.S.C. § 158(a)(3) & Fed. R. Bankr. P. 8004, for (i) reconsideration of the Court's September 26, 2025 order denying Defendant's Emergency Motion for Clarification (and, if necessary, Limited Modification) of the Preliminary Injunction Order (the "PI Order," Dkt. 16), or (ii) leave to appeal that interlocutory order, and (iii) temporary preservation/clarification relief narrowly permitting voluntary compliance, objections, and custodian certifications in response to two already-served third-party subpoenas without re-issuance/re-service, while deferring enforcement.

## I. EMERGENCY STATEMENT (MLBR 9013-1(g))

Immediate relief is necessary to prevent irreparable loss of highly probative evidence and duplicative costs:

- Subpoena 1 (Babcock & Brown) seeks Mignonette's IRS Form 147C letter identifying the responsible party (likely F. Jan Blaustein Scholes). *Exhibit 1*. This bears directly on the Trustee's core assertion that Ms. Scholes lacked authority; Defendant already holds Westborough SPE LLC's IRS Form 147C naming Ms. Scholes as responsible party. *Exhibit 2*.
- Subpoena 2 (Goulston & Storrs) seeks formation-era records preserved for ~25 years. *Exhibit 3*. The firm has indicated some records exist; there is a real risk of purge (similar to TMF's admitted destruction of beneficial-owner data). *Exhibit 4*
- Defendant is indigent and has already incurred substantial issuance costs per subpoena; forced re-issuance after a stay would multiply expenses without any countervailing benefit.

- Parallel experience with CSC: Corporation Service Company initially declined to provide information as private/confidential, but upon receipt of a duly issued subpoena, it produced responsive records. *Exhibit 5*. By contrast, despite service of a valid subpoena on Goulston & Storrs, production has not occurred based on asserted confidentiality concerns—underscoring the need for Court guidance to permit voluntary compliance and preserve records.
- The Court's Sept. 25, 2025 Clarification Order preserved "service of legal process" and "communications with counsel," but recipients now seek direction; absent prompt guidance, custodians may withhold, purge, or go dormant.

Defendant requests an expedited hearing within 7 days or paper disposition on the emergency record below.

## II. RELEVANT BACKGROUND

1. On Sept. 24, 2025, the Court entered the PI Order (Dkt. 16) enjoining prosecution of the Mignonette Action and directing Defendant to request a stay there.
2. On Sept. 25, 2025, the Court issued a Clarification Order stating that (1) filing/service of pleadings and (2) communications with counsel are not prohibited.
3. Pre-PI, Defendant had served two narrow, records-only Rule 45 subpoenas: (i) Babcock & Brown (Mignonette IRS 147C), and (ii) Goulston & Storrs (formation/client-rep records).
4. On Sept. 26, 2025, the Court denied Defendant's Emergency Motion for Clarification, stating "NO FURTHER GUIDANCE SHOULD BE REQUIRED," and directed Defendant to file/serve the PI Order and stay request on all parties and any subpoena recipients.

## III. STANDARD

Reconsideration under Rule 59(e) is appropriate where the Court overlooked material facts/law or where relief is necessary to prevent manifest injustice. Alternatively, interlocutory appeal may be permitted under § 158(a)(3) where there is a controlling question of law, substantial ground for difference of opinion, and immediate review would materially advance the litigation.

## IV. GROUNDS FOR RECONSIDERATION

1. Overlooked Substantive Effect on Evidence Preservation.
   Although framed as "clarification," the denial operates substantively by chilling voluntary custodian steps on already-served subpoenas (production, objections, logs, custodian certifications), risking spoliation of evidence central to managerial authority—the Trustee's core merits issue.
2. Material Facts Misapprehended (Cost & Feasibility).
   The Court did not address sworn indigency and repeat issuance costs ($150–$250 per subpoena issuance, excl. service), nor the real prospect that Goulston may purge dormant records given 20+ years' age, or that B&B (or its successors) may be unable to locate IRS records later.
3. Harmony with the Clarification Order.
   Limited, voluntary custodian steps (production/objections/logs/certifications) and cross-use in a separate action before the same Superior Court judge do not "prosecute" stayed claims; they are consistent with the Clarification Order's carve-outs and promote judicial economy. Enforcement (motions to compel) remains deferred.
4. Manifest Injustice if Denied.
   Without narrowly tailored guidance, Defendant faces permanent loss of evidence pivotal to the estate issues (authority, capacity, chain of management) and duplicative indigency-burdened costs, with no countervailing prejudice to the Trustee.

## V. ALTERNATIVE: LEAVE TO APPEAL (§ 158(a)(3))

If reconsideration is denied, the Court should grant leave because:

- Controlling question of law: Whether a federal PI halting "prosecution" of a state case nullifies or permits voluntary responses to already-served third-party subpoenas, and/or cross-use in a parallel case before the same state judge.
- Substantial grounds for difference: Courts differ on the scope of injunctions vis-à-vis discovery mechanisms and previously issued process, especially where a federal order expressly preserves service of legal process and communications with counsel.
- Material advancement: Immediate resolution preserves key evidence now and avoids piecemeal relitigation and duplication later.

## VI. NARROW PRESERVATION/CLARIFICATION RELIEF REQUESTED

Defendant respectfully requests the Court to clarify or modify—solely to preserve evidence—that:

1. Validity & Cross-Use: The two already-served Massachusetts Rule 45 subpoenas remain valid, may be relied upon for the Blaustein Action, and need not be re-issued/re-served.
2. Voluntary Steps Permitted: Third-party recipients may voluntarily (a) produce responsive, non-privileged documents, (b) serve objections/privilege logs/confidentiality positions, and/or (c) provide custodian declarations of diligent search/no-records.
3. Deferred Enforcement: Defendant shall not move to compel in the Mignonette Action while the stay remains; any enforcement is deferred unless the Superior Court lifts the stay or orders otherwise.
4. All Other PI Restraints Unchanged.

## VII. REQUEST FOR EXPEDITED HEARING & BRIEFING

Defendant requests:

- Hearing within 7 days (or decision on papers).
- Trustee opposition due 3 business days before hearing; Defendant reply due 1 business day before hearing.

## VIII. PRAYER FOR RELIEF

Defendant respectfully requests that the Court:

A. Grant reconsideration and enter the narrow preservation/clarification in § VI;
or, in the alternative,
B. Grant leave to appeal the Sept. 26, 2025 order under 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8004;
C. Set the expedited hearing/briefing requested in § VII; and
D. Award such other and further relief as is just.

DATED: September 29, 2025,                    Respectfully submitted:



Lolonyon Akouete
800 Red Mills Rd
Wallkill NY 12589
info@smartinvestorsllc.com

Exhibit 1

# The Commonwealth of Massachusetts

SUFFOLK_____, ss.

SUPERIOR_____ Court

Civil Action No. 2584CV02036

LOLONYON AKOUETE_____

      Plaintiff

v.

MIGNONETTE INVESTMENTS LIMITED_____

      Defendant

## Subpoena for Documents Only

To:   Custodian of Records:

Babcock & Brown Holdings, Inc. and Babcock & Brown International Pty. Ltd. and their subsidiaries

1264 Rimer Drive

Moraga, CA 94556

**You are hereby commanded**, in accordance with **M.R.C.P. Rule 45**, in the name of the Commonwealth of Massachusetts, to produce and permit inspection and copying of the following described documents to Babcock & Brown_____,

self represented litigant / attorney for the plaintiff/defendant, at the address of

Electronically via email to: info@smartinvestorsllc.com_____

on the 22_____ day of ____t____b____, in the year 2025_____

at 9_____ am / pm, in the action herein above.

Produce all records relating to Mignonette Investments Limited (EIN: 98-0196481), including:

The IRS Form 147C or other confirmation showing the EIN and responsible party.

Correspondence with the IRS regarding assignment, updates, or changes to the responsible party.

Documents identifying who at Babcock & Brown applied for or maintained this EIN.

_____

_____

_____

*In order to allow objections to the production of documents to be filed, you should not produce them until the date specified in this subpoena, and if an objection is filed, until the court rules on the objection.*

## A. Instructions

1. In responding to this subpoena, you are required to furnish all documents that are available to you, or that you may obtain by reasonable inquiry, including documents in the possession of your attorneys, accountants, advisors, or other persons directly or indirectly employed by, or connected with, you or your attorneys, or anyone else otherwise subject to your control. If you object to production of any document or category of documents, or any part of a document or category of documents, you are required to furnish the documents or categories of documents, or parts of documents or categories of documents to which you do not object.

2. The form or forms in which electronically stored information is to be produced is:
Electronically via email to: info@smartinvestorsllc.com

3. If you object to the production of any of the documents or parts of the documents described above, then, in order to assist the Court in ruling on your objection, with respect to each document that you do not produce:
(a) State the date and nature of the document;
(b) State the name of the person who wrote the document and, if it is a letter, the person to whom it was addressed;
(c) Describe the subject matter of the document;
(d) State the grounds of your objection; and
(e) State the name and business and residence address and telephone number of each person who has possession, custody, or control of the document.

## B. Definitions

1. "You" or "your" refers to __Babcock & Brown__ and any of [his/her/its] agents, employees, or representatives.

2. "Person" refers to any entity, including but not limited to any natural person, partnership, corporation, company, trust, estate, joint venture, or association of persons.

3. "Document" refers to any form of data compilation whether produced, reproduced, or stored on paper or electronically. A "document" includes, but is not limited to, writings, drawings, graphs, charts, photographs, motion picture films, phonograph records, tape and video recordings, records, computer files, emails, spreadsheets, and shall also include, but not be limited to, any draft or copy (with or without notes of changes thereon) of a writing or document.

*Hereof fail not, as your failure to comply may deem you in contempt and may subject you to such penalties as the law provides.*

Dated this ___17ᵗʰ___ day of ___September___, in the year ___2025___.

_____
Notary Public

05/01/2031
My commission expires:

ALLISON QUEENSBOROUGH
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
May 1, 2031

 **IRS** Department of the Treasury
Internal Revenue Service

OGDEN   UT   84201-0038

Exhibit 2



000424.285966.81865.21656 1 AB 0.491 693

WESTBOROUGH SPE LLC
 A DELAWARE LIMITED LIABILITY CO
% F JAN BLAUSTEIN
1241 DEER PARK AVE STE 1 NO 1051
NORTH BABYLON  NY  11703

000424

CUT OUT AND RETURN THE VOUCHER BELOW IF YOU HAVE AN INQUIRY OR A RESPONSE.
DO NOT USE IF YOU ARE MAKING A PAYMENT.

---

The IRS address must appear in the window.
                              0457217447

  BODCD-

Use for inquiries only
                        Letter Number: LTR0147C
                        Letter Date  : 2022-12-
                        Tax Period   : 000000

|||||||||||||||||||||||||||||||||
*943286768*

WESTBOROUGH SPE LLC
 A DELAWARE LIMITED LIABILITY CO
% F JAN BLAUSTEIN
1241 DEER PARK AVE STE 1 NO 1051
NORTH BABYLON  NY  11703

INTERNAL REVENUE SERVICE

OGDEN   UT   84201-0038

943286768 RW WEST 00 2 000000 670 00000000000

 **IRS** Department of the Treasury
Internal Revenue Service

OGDEN   UT   84201-0038

In reply refer to:  0457217447
Dec. 23, 2022    LTR 147C    0
████████768   000000 00
                         00005433
                   BODC: SB



WESTBOROUGH SPE LLC
 A DELAWARE LIMITED LIABILITY CO
% F JAN BLAUSTEIN
1241 DEER PARK AVE STE 1 NO 1051
NORTH BABYLON  NY  11703

000424

          Employer identification number:    ████768

Dear Taxpayer:

Thank you for your inquiry dated Dec. 14, 2022.

Your employer identification number (EIN) is 94-3286768. Please keep
this letter in your permanent records. Enter your name and EIN on all
federal business tax returns and on related correspondence.

You can get any of the forms or publications mentioned in this letter
by visiting our website at www.irs.gov/forms-pubs or by calling
800-TAX-FORM (800-829-3676).

If you have questions, you can call us at 800-829-0115.

If you prefer, you can write to us at the address at the top of the
first page of this letter.

When you write, include a copy of this letter, and provide your
telephone number and the hours we can reach you in the spaces below.

Telephone number ( )_____ Hours _____

Keep a copy of this letter for your records.

Thank you for your cooperation.

WESTBOROUGH SPE LLC
 A DELAWARE LIMITED LIABILITY CO
% F JAN BLAUSTEIN
1241 DEER PARK AVE STE 1 NO 1051
NORTH BABYLON  NY  11703

Sincerely yours,

Dwayne Wilson
Department Manager, Accounts Mgmt.

Enclosures:
Copy of this letter

Exhibit 3

# The Commonwealth of Massachusetts

SUFFOLK , ss.  SUPERIOR Court

Civil Action No. 2584CV02036

LOLONYON AKOUETE

Plaintiff

v.

MIGNONETTE INVESTMENTS LIMITED

Defendant

## Subpoena for Documents Only

To: Custodian of Records:

Goulston & Storrs, Attention: Gary M. Ronan, Esq. / David M. Abromowitz, Esq.

One Post Office Square

Boston, MA 02109

**You are hereby commanded**, in accordance with **M.R.C.P. Rule 45**, in the name of the Commonwealth of Massachusetts, to produce and permit inspection and copying of the following described documents to Goulston & Storrs ,

self represented litigant / attorney for the plaintiff/defendant, at the address of Electronically via email to: info@smartinvestorsllc.com

on the 22 day of t b , in the year 2025

at 9 am / pm, in the action herein above.

Produce all records in your possession concerning the formation of Westborough SPE LLC and or Mignonette during the period 1997–1998, including communications, correspondence, or memoranda with James B McCaffrey, F. Jan Blaustein, Phillip Green, Monique Belkin, and Derek Andrews/Integro Trust (BVI) Limited, as well as any drafts, execution copies, or transmittals of the October 22, 1997 Westborough SPE LLC Operating Agreement and the October 30, 1997 Participation Agreement, together with any cover letters, fax transmittals, or notes exchanged with the above-named individuals. If any documents are withheld on grounds of privilege or protection, provide a privilege log.

*In order to allow objections to the production of documents to be filed, you should not produce them until the date specified in this subpoena, and if an objection is filed, until the court rules on the objection.*

## A. Instructions

1. In responding to this subpoena, you are required to furnish all documents that are available to you, or that you may obtain by reasonable inquiry, including documents in the possession of your attorneys, accountants, advisors, or other persons directly or indirectly employed by, or connected with, you or your attorneys, or anyone else otherwise subject to your control. If you object to production of any document or category of documents, or any part of a document or category of documents, you are required to furnish the documents or categories of documents, or parts of documents or categories of documents to which you do not object.

2. The form or forms in which electronically stored information is to be produced is:
Electronically via email to: info@smartinvestorsllc.com

3. If you object to the production of any of the documents or parts of the documents described above, then, in order to assist the Court in ruling on your objection, with respect to each document that you do not produce:
(a) State the date and nature of the document;
(b) State the name of the person who wrote the document and, if it is a letter, the person to whom it was addressed;
(c) Describe the subject matter of the document;
(d) State the grounds of your objection; and
(e) State the name and business and residence address and telephone number of each person who has possession, custody, or control of the document.

## B. Definitions

1. "You" or "your" refers to Goulston & Storrs and any of [his/her/its] agents, employees, or representatives.

2. "Person" refers to any entity, including but not limited to any natural person, partnership, corporation, company, trust, estate, joint venture, or association of persons.

3. "Document" refers to any form of data compilation whether produced, reproduced, or stored on paper or electronically. A "document" includes, but is not limited to, writings, drawings, graphs, charts, photographs, motion picture films, phonograph records, tape and video recordings, records, computer files, emails, spreadsheets, and shall also include, but not be limited to, any draft or copy (with or without notes of changes thereon) of a writing or document.

*Hereof fail not, as your failure to comply may deem you in contempt and may subject you to such penalties as the law provides.*

Dated this _____17th_____ day of _____September_____, in the year _____2025_____.

_____
Notary Public

05/01/2031
My commission expires:



ALLISON QUEENSBOROUGH
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
May 1, 2031



**Lolonyon Akouete <info@smartinvestorsllc.com>**

## Re: Successor Counsel to Westborough SPE LLC - Signed Copy of LLC Operating Agreement

6 messages

**Scott A. Schlager** <sas@natgolaw.com>                                    Fri, Aug 11, 2023 at 6:07 PM
To: "Abromowitz, David M." <DAbromowitz@goulstonstorrs.com>
Cc: "Gewurz, Zev D." <ZGewurz@goulstonstorrs.com>, Alvin Nathanson <asn@natgolaw.com>, Lolonyon Akouete
<info@smartinvestorsllc.com>, denise Edwards <deniseedwards818@yahoo.com>

Thanks, David. I am copying the current managers, Denise Edwards and Lolonyon Akouete to reaffirm their
permission to receive the signed operating agreement.

We are researching the attorney-client privilege issue and will get back to you. However, we believe that there may be
a crime/fraud exception, common interest exception, and a public policy exception to comply with federal statutes,
Firpta and Patriot Act.

We very much appreciate your assistance.

Best,

Scott A. Schlager, Esq.
Partner
Nathanson & Goldberg, P.C.
183 State Street, 5th Floor
Boston, Massachusetts 02109
(O): (617) 210-4800
(C): (617) 909-4511
(F): (617) 210-4824
sas@natgolaw.com

*******************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information
and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated
recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by
reply e-mail and delete this message. Thank you.

*******************************************

Sent from my iPhone

> On Aug 8, 2023, at 10:10 AM, Abromowitz, David M. <DAbromowitz@goulstonstorrs.com> wrote:

Dear Scott,

We have located a signed copy of the Westborough SPE LLC operating
agreement.  Our standard practice is to ask for a current officer of the entity to
confirm in writing (email is fine) the request to share that document with you as
successor counsel.  As soon as I receive that consent, I will forward a pdf.

As to your other questions, as you noted this deal began over 25 years ago and our representation appears to have ended by 1999. Typically, and as appears to have been the case in this matter, our client or clients in connection with the formation of an SPE (before the entity is created) are the entities or individuals who are forming the SPE. This means that we owe a duty of confidentiality to those clients and cannot disclose their confidential information without their consent. As I've had no contact with these former clients that I can recall for over 20 years, I have no way of contacting them to ask what they consider confidences and get the necessary consents. Accordingly, we cannot share anything further.

Regards,

David

**David Abromowitz**
(617) 574-4016

*goulston*&storrs

---

**From:** Scott A. Schlager <sas@natgolaw.com>
**Sent:** Thursday, August 3, 2023 3:29 PM
**To:** Abromowitz, David M. <DAbromowitz@GOULSTONSTORRS.com>
**Cc:** Gewurz, Zev D. <ZGewurz@GOULSTONSTORRS.com>; Alvin Nathanson <asn@natgolaw.com>
**Subject:** RE: Successor Counsel to Westborough SPE LLC - Signed Copy of LLC Operating Agreement

David,

We would be happy to provide some additional context and very much appreciate your assistance.

There are at least 2 pressing issues for the current managers of Westborough SPE LLC (Lolonyon Akouete and Denise Edwards):

        **(i)**        **The State of California is holding unclaimed funds from a bank account**

**belonging to Westborough SPE LLC in the amount of approximately $1.2 Million; and**

**(ii)        There is a tax-title taking matter in the Land Court where the Town of Westborough is owed approximately $900,000.00 in unclaimed property taxes, interest, expenses, etc. See Town of Westborugh v. Westborough SPE LLC et als., 19 TL 000768 HPS.**

The current Managers, Lolonyon Akouete and Denise Edwards, filed a motion to vacate the tax-title taking 1 day prior to the expiration of the statutory redemption period. The Town of Westborough "jumped the gun" and offered the property for sale as the site had allegedly been non-operational for some period of time prior to the expiration of the redemption period. Moreover, the Town failed to provide notice to the proper party, i.e. Babcock & Brown Parallel Member LLC, as the successor in interest manager to Babcock & Brown Administrative Services, Inc.

The entity history is a bit convoluted, and at the risk of oversimplification, let me try to summarize below.

A. The original Manager of Westborough SPE LLC, a Delaware LLC, was Babcock & Brown Administrative Services, Inc., a Delaware Corporation. F. Jan Blaustein Scholes was the general counsel of Babcock & Brown and authorized signatory on behalf of that original manager entity.

B. Babcock & Brown Administrative Services, Inc. became Babcock & Brown Administrative Service LLC, a Delaware LLC. [See **Exhibit A** (Certificate of Conversion) to the attached Second Notice of Supplementation that we filed in the Land Court]. This Certificate of Conversion was filed in Delaware on January 3, 2000.

C. Babcock & Brown Administrative Services LLC was merged into and with Babcock & Brown Parallel Member LLC, a Delaware LLC. [See Exhibit B (Certificate of Merger) to the attached Second Notice of Supplementation that we filed in the Land Court]. This Certificate of Merger was filed in Delaware on August 28, 2011.

D. Babcock & Brown Limited ("BBL") was the ultimate holding company of the Babcock & Brown Group. BBL is a shareholder of Babcock & Brown International Pty Limited ("BBIPL"), the intermediate holding company. All assets of the Group were held by BBIPL and its subsidiaries., which we believe is a parent or otherwise affiliated entity of Babcock & Brown Administrative Services, Inc. BBL filed for insolvency proceedings in Australia and Deloitte Partners David Lombe and Simon Cathro were appointed Voluntary Administrators of Babcock & Brown Limited on 13 March 2009. See https://www.deloitte.com/au/en/services/financial-advisory/notices/babcock-and-brown-limited.html.

E. See https://www.deloitte.com/content/dam/assets-zone1/au/en/docs/services/financial-advisory/2022/fas-bbl-section-508-report-171018.pdf for a copy of the Section 508(3) Report to Creditors filed in the Australian insolvency proceeding. In late 2017, the Deloitte Receivers received a number of enquiries in respect to an "abandoned" property located in Westborough, Massachusetts, USA, which was brought to the Receiver's attention on the basis that it may be an asset of the Babcock & Brown Group, and therefore may be an asset of the BBL Liquidation. The appointment as liquidator was only in respect of the holding company BBL, which apparently did not trade or own any physical assets. Notwithstanding, the Receiver made enquiries to the CEO of Babcock & Brown International Pty Ltd (BBIPL) as well as conducted an independent company and real property searches in the state of Massachusetts, USA. The Receiver's

investigations and enquiries revealed that Babcock & Brown Administrative Services Inc (BBAS) managed the property on behalf of a third party and the property was not owned by BBL.

F. A mediation between BBL and BBIPL was ordered by a San Francisco, CA Court and was held on February 17, 2011. Receiver David Lombe attended the mediation in San Francisco that was undertaken by a retired US Supreme Court Justice. BBL was awarded Australian $4 Million. It does not appear to be a coincidence that the Certificate of Merger was filed a mere 6 months later on August 28, 2011. Upon information and belief, and based on opinion, we believe Babcock & Brown Administrative Services, Inc. breached their fiduciary duties by attempting to abandon the real property located at 231 Turnpike Road, Westborough, MA where title was held in the name of Westborough SPE LLC.

G. Westborough SPE LLC never should have withdrawn their foreign registration in Massachusetts, because it still owned significant real property in Massachusetts (i.e. 231 Turnpike Road). It was improper for the predecessor manager to have withdrawn the foreign registration on November 20, 2007. Upon information and belief, Philip Green and Babcock & Brown Administrative Services, Inc. obtained a loan secured by 231 Turnpike Road and upon information and belief may have used those loan proceeds to pay off obligations unrelated to debts of Westborough SPE LLC, but rather, to pay off obligations of unknown parties.

H. Westborough SPE LLC was reinstated in Massachusetts.

The Request:

1. Did you see a signed copy of the LLC Operating Agreement for Westborough SPE LLC?
2. Any other relevant information? Including, do you have knowledge of the ultimate beneficiaries of the Member, Mignonette Investments Ltd., a British Virgin Islands Company. We want to determine if this was set up by Philip Green or Myron Scholes. It seems like Mr. Scholes did a lot of very complicated tax structures involving foreign entities.

Thanks,

Scott

Scott A. Schlager

Partner

Nathanson & Goldberg, P.C.

183 State Street, 5th Floor

Boston, Massachusetts 02109

(O): (617) 210-4800

(C): (617) 909-4511

(F): (617) 210-4824

sas@natgolaw.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**From:** Abromowitz, David M. <DAbromowitz@GOULSTONSTORRS.com>
**Sent:** Monday, July 24, 2023 2:01 PM
**To:** Scott A. Schlager <sas@natgolaw.com>
**Cc:** Gewurz, Zev D. <ZGewurz@GOULSTONSTORRS.com>; Alvin Nathanson <asn@natgolaw.com>
**Subject:** RE: Successor Counsel to Westborough SPE LLC - Signed Copy of LLC Operating Agreement

Scott,

Can you give me some context of what is going on and why there would be proceeds?  My memory is not complete, but when last we were contacted about this entity is was because the property had been abandoned for a while and a party was seeking to buy it.  I did confirm at the time that G&S did not set up Mignonette or handle the ultimate beneficiaries, just the SPE.  I can did further if I know what I am looking for.

Thanks!

David

**David Abromowitz**
(617) 574-4016

*goulston*&storrs

**From:** Scott A. Schlager <sas@natgolaw.com>
**Sent:** Monday, July 24, 2023 1:45 PM
**To:** Abromowitz, David M. <DAbromowitz@GOULSTONSTORRS.com>
**Cc:** Gewurz, Zev D. <ZGewurz@GOULSTONSTORRS.com>; Alvin Nathanson <asn@natgolaw.com>
**Subject:** RE: Successor Counsel to Westborough SPE LLC - Signed Copy of LLC Operating Agreement

David,

Thank you very much for performing an electronic search of G&S records. Since it appears that G&S was responsible for forming Westborough SPE LLC, do you have any additional information about the Member, Mignonette Investments Limited (a British Virgin Islands entity)?

Upon information and belief, we think that either Phillip Green or a trust/entity associated with Myron Scholes may be the ultimate beneficiary. Any additional information as to the Member would be helpful to ensure that any proceeds are rightfully returned to the appropriate parties. Further proceedings may have to be brought in Delaware.

We very much appreciate your assistance.

Regards,

Scott A. Schlager

Partner

Nathanson & Goldberg, P.C.

183 State Street, 5th Floor

Boston, Massachusetts 02109

(O): (617) 210-4800

(C): (617) 909-4511

(F): (617) 210-4824

sas@natgolaw.com

************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**From:** Abromowitz, David M. <DAbromowitz@GOULSTONSTORRS.com>
**Sent:** Monday, July 24, 2023 1:08 PM
**To:** Scott A. Schlager <sas@natgolaw.com>
**Cc:** Gewurz, Zev D. <ZGewurz@GOULSTONSTORRS.com>; Alvin Nathanson <asn@natgolaw.com>
**Subject:** RE: Successor Counsel to Westborough SPE LLC - Signed Copy of LLC Operating
Agreement

Hi Scott,

I have looked back electronically and cannot locate a signed copy of the
Operating Agreement.  About 5 years I was contacted by RK Centers about this
entity, and located a Certificate of Withdrawal (attached) if that is helpful.

When next I am in the office I can look to see if there is a physical closing
binder, but given the passage of time and the end of the engagement 20+ years
ago, that is unlikely.

Regards,

David

**David Abromowitz**
(617) 574-4016

*goulston*&storrs

**From:** Scott A. Schlager <sas@natgolaw.com>
**Sent:** Thursday, July 20, 2023 4:47 PM
**To:** Abromowitz, David M. <DAbromowitz@GOULSTONSTORRS.com>
**Cc:** Gewurz, Zev D. <ZGewurz@GOULSTONSTORRS.com>; Alvin Nathanson <asn@natgolaw.com>
**Subject:** Successor Counsel to Westborough SPE LLC - Signed Copy of LLC Operating Agreement
**Importance:** High

David,

Please be advised that Nathanson & Goldberg, P.C. has been engaged as successor counsel to Goulston & Storrs for Westborough SPE LLC. We understand that your work on behalf of the LLC likely ceased in or about 1999, but we were wondering if you might have a signed copy of the LLC Operating Agreement in your records, along with a complete digital or hard copy of your matter file.

The Goulston & Storrs Document # for the LLC Operating Agreement is: GS2- 136229-1. We believe that Goulston created this document on or about October 30, 1997.

Thank you very much for your assistance.

Best,

Scott

Scott A. Schlager

Partner

Nathanson & Goldberg, P.C.

183 State Street, 5th Floor

Boston, Massachusetts 02109

(O): (617) 210-4800

(C): (617) 909-4511

(F): (617) 210-4824

sas@natgolaw.com

*************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

*************************************************

Exhibit 4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | CHAPTER 7 |
| WESTBOROUGH SPE LLC, | CASE NO. 23-40709-CIP |
| Debtor. | |

## DECLARATION OF JULIE IP, ESQ.

I, Julie Ip, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the foregoing is true and correct:

1.     I am Market Head of Legal of TMF North Asia ("TMF Group"), and I am fully familiar with the facts, circumstances and proceedings herein.

2.     I submit this Declaration in response to the Nonparty Subpoena, dated December 2, 2024, addressed to "Equity Trust/TMF Group" in the above proceeding (the "Subpoena").

3.     As part of my job responsibilities at TMF Group, I have access to the types of documents that have been sought in the Subpoena.  On behalf of TMF Group, I conducted a reasonable search for any and all documents that would be responsive to the requests contained in the Subpoena.  After conducting a reasonable search, TMF Group has no responsive documents in its possession, custody or control that are sought in the Subpoena.

Dated: April 9, 2025
Hong Kong

_____
Julie Ip

2

 **Gmail**                                    **Lolonyon Akouete <info@smartinvestorsllc.com>**

## Debtor - Westborough SPE LLC, Involuntary Chapter: 7 Case No: 23-40709-CJP

**Robert Lachenauer** <Lachenauer@mintzandgold.com>                    Wed, Apr 16, 2025 at 11:06 AM
To: Lolonyon Akouete <info@smartinvestorsllc.com>
Cc: Scott Klein <Klein@mintzandgold.com>

Mr. Akouete:

See below for further information and response from my client to all of your remaining questions.

-Rob

1. **Why those documents are no longer available;**   **TMF has not been the registered agent for this entity since 2017. Upon termination of TMF's agreement and services with clients, TMF is obliged to delete / return client data, so there wouldn't be any records left after the date the agreement was terminated, i.e., the end of the business relationship.**
2. **When and how they were lost, destroyed, or transferred (and to whom); and** **Whatever records TMF had or may have had would have been discarded/returned sometime in 2017.**
3. **Whether a corporate successor or affiliate (including Fort Company (BVI) Limited or TMF (B.V.I.) Ltd., which share the same PO Box 438 address in Road Town) may possess the requested documents.** **TMF has no way of knowing this.  TMF is a service provider.  TMF has no way of knowing what happens to companies after TMF is no longer registered agent.**

[Quoted text hidden]

Exhibit 5



# Rejection of Service of Process

**Return to Sender Information:**

Lolonyon Akouete null
Lolonyon Akouete
800 Red Milles Rd
Wallkill, NY 12589

| | |
|---|---|
| **Date:** | 08/14/2025 |
| **Party Served:** | Mignonette Investments Limited |
| **Title of Action:** | Lolonyon Akouete vs. Mignonette Investments Limited |
| **Case/Reference No:** | 2584CV02036 |

The service of process received for the party served, as listed above, cannot be forwarded to the intended party for the reason listed below:

According to the Secretary of State or other appropriate state agency, the party served is not qualified to do business in the jurisdiction served. CSC is only authorized to receive service of process on behalf of entities that specifically name it as registered/statutory agent within the jurisdiction where service of process occurs. Please review the records at the Secretary of State or other appropriate state agency to identify the proper name within the jurisdiction for the entity you are trying to serve.

Our customer records are confidential. We do not release any information related to our customers, agent representation or service of process received. Please contact the Secretary of State or other appropriate agency for more information.

For an electronic copy of the identified service, send your request by e-mail to sop@cscglobal.com. Please include the transmittal number located in the upper right-hand corner of this letter.

# The Commonwealth of Massachusetts

SUFFOLK _____, ss.

SUPERIOR _____ Court

Civil Action No. 2584CV02036

LOLONYON AKOUETE
_____

     Plaintiff

v.

MIGNONETTE INVESTMENTS LIMITED
_____

     Defendant

## Subpoena for Documents Only

To:  Custodian of Records: _____

     Corporation Service Company (CSC) _____

     84 State Street, 5th Floor

     Boston, MA 02109

**You are hereby commanded**, in accordance with **M.R.C.P. Rule 45**, in the name of the Commonwealth of Massachusetts, to produce and permit inspection and copying of the following described documents to Corporation Service Company (CSC) _____, self represented litigant / attorney for the plaintiff/defendant, at the address of Electronically via email to: info@smartinvestorsllc.com _____

on the _22 nd_ day of _____ September _____, in the year 20_25_

at _9 AM_ am / pm, in the action herein above.

Produce all records in CSC's possession from 1997 to the present relating to Mignonette Investments Limited and/or Westborough SPE LLC, including:

Transmittal sheets, forwarding records, or correspondence identifying any forwarding address, contact person, or representative.

Letters of rejection, refusal, or notices regarding attempted service of process (including Transmittal No. 32050747 and 17021777). Any agreements or documents referring to CSC's appointment as process agent under the October 30, 1997 Participation Agreement.

*In order to allow objections to the production of documents to be filed, you should not produce them until the date specified in this subpoena, and if an objection is filed, until the court rules on the objection.*

## A. Instructions

1. In responding to this subpoena, you are required to furnish all documents that are available to you, or that you may obtain by reasonable inquiry, including documents in the possession of your attorneys, accountants, advisors, or other persons directly or indirectly employed by, or connected with, you or your attorneys, or anyone else otherwise subject to your control. If you object to production of any document or category of documents, or any part of a document or category of documents, you are required to furnish the documents or categories of documents, or parts of documents or categories of documents to which you do not object.

2. The form or forms in which electronically stored information is to be produced is:
Electronically via email to: info@smartinvestorsllc.com

3. If you object to the production of any of the documents or parts of the documents described above, then, in order to assist the Court in ruling on your objection, with respect to each document that you do not produce:
(a) State the date and nature of the document;
(b) State the name of the person who wrote the document and, if it is a letter, the person to whom it was addressed;
(c) Describe the subject matter of the document;
(d) State the grounds of your objection; and
(e) State the name and business and residence address and telephone number of each person who has possession, custody, or control of the document.

## B. Definitions

1. "You" or "your" refers to Corporation Service Company (CSC) and any of [his/her/its] agents, employees, or representatives.

2. "Person" refers to any entity, including but not limited to any natural person, partnership, corporation, company, trust, estate, joint venture, or association of persons.

3. "Document" refers to any form of data compilation whether produced, reproduced, or stored on paper or electronically. A "document" includes, but is not limited to, writings, drawings, graphs, charts, photographs, motion picture films, phonograph records, tape and video recordings, records, computer files, emails, spreadsheets, and shall also include, but not be limited to, any draft or copy (with or without notes of changes thereon) of a writing or document.

***Hereof fail not, as your failure to comply may deem you in contempt and may subject you to such penalties as the law provides.***

Dated this ___17th___ day of ___September___, in the year ___2025___.

_____
Notary Public

___05/01/2031___
My commission expires:



ALLISON QUEENSBOROUGH
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
May 1, 2031

# DECLARATION OF CUSTODIAN OF RECORDS

I, the undersigned, declare:

1. I am the duly authorized custodian of records Corporation Service Company ("CSC") and have the authority to certify their records.

2. On September 22, 2025, and September 23, 2025, I produced, via email, to Lolonyon Akouete, all records in CSC's possession concerning Westborough SPE, LLC, including contact information and service of process records. Also included was CSC's copy of service of process directed to Mignonette Investments Limited and CSC's Rejection of Service of Process letter for the same dated August 14, 2025.

3. These records are originals and copies of originals that were created and maintained by CSC in accordance with CSC's normal course of business.

     I declare, under the penalty of perjury, that the foregoing is true and correct.

     Executed on September 26, 2025, in Wilmington, Delaware

                                               Steve Kirvan



**Lolonyon Akouete <info@smartinvestorsllc.com>**

## Response to Subpoena - Lolonyon Akouete v. Mignonette Investments Limited

**Steve Kirvan** <Steve.Kirvan@cscglobal.com>      Tue, Sep 23, 2025 at 10:59 AM
To: Lolonyon Akouete <info@smartinvestorsllc.com>

Good morning,

Apologies. For Westborough SPE, LLC, please see the below last known contact information. Services were discontinued when they became unable to locate in 2018. Any legal documents served to CSC on their behalf, except for one, where returned to CSC as undeliverable by FedEx. Please see the attached excel.

We do not have any record Babcock & Brown Administrative Services, Inc in any of our records.

We do not have any records referencing Mignonette Investments Limited.

 **Westborough SPE LLC**

**Formed In** Delaware    **Formed On** 22-OCT-1997

 **Contact Details**

**Andrew Ho**
**TMF Group (Acct.# 7907947)**
36/F Tower Two
1 Matheson Street
Causeway Bay, HK
Hong Kong

**Direct**

Telephone 852 210 69371
Telephone 852 253 04894
Cellular 852 640 77308
Email Andrew.Ho@tmf-group.com

………………………………………………………

**Steve Kirvan**
Project Manager | Legal
**Phone 1:** 800-927-9801 ext. 62870
*steve.kirvan@cscglobal.com*

**CSC**
251 Little Falls Drive
Wilmington, DE 19808-1674
USA
**cscglobal.com**

 *Follow us for more industry news and updates.*

 

We are the *business* behind *business*®.

[Quoted text hidden]
[Quoted text hidden]

---

 **Westborough SPE LLC.xlsx**
12K

# CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C. 101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com

_____
Lolonyon Y Akouete