# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

---

**BAP NO. MW 26-003**

---

**Bankruptcy Case No. 23-40709-CJP**

---

**WESTBOROUGH SPE LLC,**
**Debtor.**

---

**LOLONYON AKOUETE,**
**Appellant.**

---

**Lamoutte, U.S. Bankruptcy Appellate Panel Judge.**

### ORDER DENYING APPELLANT'S EMERGENCY MOTION TO MODIFY PRELIMINARY INJUNCTION

Lolonyon Akouete appeals from the bankruptcy court's January 30, 2026 order denying in part his Emergency Motion for Limited Clarification of Preliminary Injunction to Permit Procedural Appearance in Pending State Court Action. On February 20, 2026, Akouete filed with the Panel an emergency motion to modify the preliminary injunction (the "Motion to Modify Injunction"). No opposition has been filed. For the reasons discussed below, the Motion to Modify Injunction is hereby **DENIED**.

### BACKGROUND

Akouete is an asset recovery specialist, initially unrelated to the debtor. Prior to the bankruptcy filing, Akouete discovered and pursued approximately $1.2 million in funds held by the State of California from an unclaimed checking account of the debtor. See In re Westborough SPE LLC, No. 23-40709-CJP, 2026 WL 459180, at *2 (Bankr. D. Mass.

Feb. 17, 2026).  He attempted to take control of the debtor's assets and then the management of the debtor.  Id.

On August 31, 2023, two creditors filed an involuntary chapter 7 bankruptcy petition against Westborough SPE LLC.  After an order for relief was entered, the chapter 7 trustee recovered the approximately $1.2 million in unclaimed funds from the State of California.  The trustee also filed a complaint against the Town of Westborough seeking to avoid the town's pre-petition tax lien foreclosure of the debtor's commercial property and to recover the property for the estate.  The trustee eventually reached a settlement agreement with the town (and others), approved by the bankruptcy court over Akouete's objection, which resulted in the trustee's sale of the commercial property under 11 U.S.C. § 363(f) for more than $5 million.

Akouete asserted a claim against the estate totaling more than $3 million based on a "management and asset recovery fee."  The trustee objected to the claim on the grounds that Akouete was never manager of the debtor and had acted improperly in his efforts to take over the debtor and claim its assets for his own benefit.  The parties filed cross-motions for summary judgment as to the trustee's claim objection.

In September 2025, the trustee commenced an adversary proceeding seeking preliminary and permanent injunctive relief against Akouete enjoining him from taking certain actions.  After an emergency hearing, the bankruptcy court entered a preliminary injunction on September 24, 2025, which enjoined Akouete: (1) "from taking any action to litigate or prosecute in any way the claims asserted in the action styled Akouete v. Mignonette Investments Ltd.; Massachusetts Superior Court Department of the Trial Court, CA No. 2584CV2036G"; and (2) "from further communications with potential witnesses Peter Blaustein, Jan Scholes, and Dyann Blaine absent leave of Court or until entry of an order determining the pending motions for summary judgment

with respect to [Akouete's] claim in the bankruptcy case." The bankruptcy court stated that such relief was:

> necessary to carry out the provisions of Title 11, restrain interference with the administration of the Debtor's estate, avoid the risk of inconsistent findings or rulings regarding property of the estate and the claims administration process regarding claims asserted by [Akouete] in the Debtor's case, which [we]re the subject of a dispute and a pending claim objection of the Trustee that [wa]s in the summary judgment stage, and avoid an abuse of process by [Akouete].

After the entry of the preliminary injunction, Akouete filed numerous motions in the adversary proceeding seeking clarification and/or modification of the preliminary injunction, reconsideration of the preliminary injunction and the clarification orders, dissolution of the preliminary injunction, and dismissal of the adversary proceeding. He did not, however, appeal the preliminary injunction. The trustee, in turn, filed a motion to expand the scope of the preliminary injunction and to sanction Akouete for violations of the preliminary injunction. Several motions, including Akouete's motion to dismiss and the trustee's motion to expand the scope of the preliminary injunction, remain pending.

On January 26, 2026, Akouete filed an emergency motion in the main bankruptcy case seeking clarification regarding the scope of the preliminary injunction. Citing an upcoming hearing on February 4, 2026 in the superior court case referenced in the preliminary injunction, Akouete sought clarification that the preliminary injunction did not prohibit him from: (1) appearing at the hearing; (2) requesting remote access with respect to that hearing; (3) filing an affidavit of service in that case; or (4) seeking entry of default in that case. The bankruptcy court denied the motion in part, clarifying that Akouete could appear and provide a status report at the superior court hearing, request to appear at the hearing remotely, and seek a stay of the

3

superior court case.  He could not, however, file an affidavit of service relating to his efforts to obtain a default, request entry of default, or seek other relief.  This appeal followed.[1]

On February 17, 2026, the bankruptcy court entered an order granting summary judgment in favor of the trustee on his objection to Akouete's claim, sustaining the trustee's objection and disallowing Akouete's claims in full.  Akouete has also appealed that order to the district court.

On February 20, 2026, Akouete filed a motion in the main bankruptcy case seeking modification of the preliminary injunction to allow him to enforce a subpoena for document production previously issued in the superior court case and, if necessary, to file a motion to "compel compliance limited to document production."  The purpose of the requested modification, Akouete asserted, is to "obtain documentary evidence necessary to file a timely motion for reconsideration under Fed. R. Civ. P. 59(e)" of the bankruptcy court's February 17, 2026 order disallowing his claim.  This motion remains pending in the bankruptcy court.

On the same date, Akouete filed the subject motion with the Panel seeking the same relief he requested in the bankruptcy court, i.e., modification of the preliminary injunction to permit enforcement of a subpoena.  He contends that he "faces limited post-judgment windows under Rule 59(e), as incorporated by Fed. R. Bankr. P. 9023" and that without a modification of the preliminary injunction, he will be "procedurally foreclosed from presenting newly obtained documentary evidence that may directly affect the authority and standing determinations."  Any documents obtained would be "used solely for post-judgment relief and appellate record

---

[1]  Akouete has also appealed numerous orders to the U.S. District Court for the District of Massachusetts including: (1) the December 24, 2025 order granting the trustee's motion for approval of the settlement agreement; (2) the December 24, 2025 order authorizing the sale of the debtor's real property; (3) the January 5, 2026 order denying Akouete's administrative expense claim; (4) the February 4, 2026 order denying Akouete's discovery motion under Fed. R. Civ. P. 56(b) and (d); (5) the February 4, 2026 order denying Akouete's motion for a Fed. R. Bankr. P. 2004 examination; and (6) the February 17, 2026 order disallowing Akouete's claim.  See Case Nos. 1:26-cv-10037-WGY, 1:26-cv-10912-JEK, and 1:26-cv-10888-WGY.

development," he contends.  Akouete also asserts that the preliminary injunction was issued to prevent inconsistent rulings in the superior court litigation and the claims allowance matter and that circumstances have changed since the injunction was issued as summary judgment has been granted and his claim has been disallowed.  He requests expedited consideration of the Motion to Modify Injunction "[b]ecause post-judgment deadlines are running and the harm is time-sensitive."  He cites no legal authority for the requested relief and does not identify the specific "post-judgment deadlines" at issue.

## DISCUSSION

### I.       Request for Expedited Consideration

Both the Bankruptcy Rules and the BAP Local Rules impose certain requirements for seeking expedited determination of a motion.[2]  Bankruptcy Rule 8013(d) provides that an emergency motion must "be accompanied by an affidavit setting out the nature of the emergency."  Fed. R. Bankr. P. 8013(d)(2)(A).  BAP Local Rule 8013-1(d) further requires the movant, before filing an emergency motion, to "telephone the BAP clerk to provide advance notice of the filing."  1st Cir. BAP L.R. 8013-(d)(1).  It also provides that an emergency motion "set forth a date or period within which [the movant] seeks such determination and request that the period for response be reduced to a specified date or period."  1st Cir. BAP L.R. 8013-(d)(2).

Akouete has failed to comply with these procedural requirements as he has not:
(1) included an affidavit describing the nature of the emergency; (2) telephoned the BAP clerk to provide advance notice of the filing of the Motion to Modify Injunction; or (3) identified the date by which he seeks a ruling on the Motion to Modify Injunction or requested that the response

---

[2]  All references to "Bankruptcy Rules" are to the Federal Rules of Bankruptcy Procedure.  All references to "BAP Local Rules" are to the Local Rules of the U.S. Bankruptcy Appellate Panel for the First Circuit.

period be reduced to a specified date or period.  <u>See</u> 1st Cir. BAP L.R. 8013-1(d)(2).  Thus, Akouete's request for expedited consideration is denied.

**II.     Request to Modify the Preliminary Injunction**

Akouete cites no statutory or other legal authority to support his request for modification of the preliminary injunction issued by the bankruptcy court, and Bankruptcy Rule 8007 does not support his request.  Under Bankruptcy Rule 8007, a party who appeals from an order granting an injunction may seek to stay the injunction order, or to temporarily modify or suspend the injunction, while the appeal is pending.  <u>See</u> Fed. R. Bankr. P. 8007(a)(1)(A) & (C) & (b)(1) (providing a party may seek "a stay of the bankruptcy court's judgment, order or decree pending appeal" or "an order suspending, modifying, restoring, or granting an injunction while an appeal is pending").  That provision is not applicable here, however, as Akouete did not appeal the order granting a preliminary injunction; rather, he appealed an order interpreting the scope of the injunction to specify whether certain conduct fell within its purview.  Thus, the preliminary injunction order is not before the Panel in this appeal, and the Panel lacks jurisdiction over it.  <u>See</u> 28 U.S.C. § 158(a)-(b); Fed. R. Bankr. P. 8003(a) & 8004(a).

Akouete has cited no legal authority which would support the Panel's jurisdiction to modify an injunction which is not before it on appeal.  Further, the basis of the order on appeal (clarification as to whether Akouete could attend a superior court hearing and seek entry of default in that proceeding) is unrelated to his current request to modify the injunction (to enforce a subpoena for document production in connection with his pursuit of post-judgment relief regarding various bankruptcy court orders).  Thus, his current Motion to Modify Injunction

cannot somehow be construed as a request under Bankruptcy Rule 8007 to modify the order on

appeal which clarified the scope of the injunction.[3]

**CONCLUSION**

For these reasons discussed above, the Motion to Modify Injunction is **DENIED**.

FOR THE PANEL:

Dated: March 6, 2026                    By: /s/ Arielle B. Adler
                                             Arielle B. Adler, Clerk

cc:
By email: Lolonyon Akouete
By U.S. mail: Westborough SPE LLC
By CM/ECF: Christine Devine, Esq.; Jonathan Goldsmith, Esq.; Angelina Savoia, Esq.;
Richard King, Esq.

---

[3] In any event, even if the Panel had jurisdiction to modify the preliminary injunction, the Panel would nevertheless deny the Motion to Modify Injunction due to Akouete's failure to satisfy the threshold procedural requirements under Bankruptcy Rule 8007(b)(1) for obtaining such relief. Specifically, Akouete did not: (1) adequately state the reasons for granting the relief requested; (2) submit an affidavit or sworn statement supporting facts subject to dispute; or (3) provide the Panel with relevant parts of the record. See Fed. R. Bankr. P. 8007(b)(3). As such, the Motion to Modify Injunction is "facially defective," and denial of the motion would be warranted on this basis alone. See Kolobotos Props., LLC v. Thomas, No. 4:21-CV-120-SDJ, 2021 WL 2953687, at *3 (E.D. Tex. Mar. 1, 2021); see also Sweeney v. ALN Props., LLC (In re Sweeney), No. 2:26-CV-00066-CCW, 2026 WL 309027, *3 (W.D. Pa. Feb. 5, 2026) ("The failure to comply with the procedural requirements of Bankruptcy Rule 8007 is, by itself, reason to deny the Motion."); Silva v. Midland Mortg. (In re Silva), No. 5:21-cv-00265-JWH, 2021 WL 3611047, at *1 (C.D. Cal. July 12, 2021) (denying motion for stay pending appeal due to movant's failure to comply with the procedural requirements of Bankruptcy Rule 8007(b)).