# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

---

**BAP NO. MW 26-003**

---

**Bankruptcy Case No. 23-40709-CJP**

---

**WESTBOROUGH SPE LLC,**
**Debtor.**

---

**LOLONYON AKOUETE,**
**Appellant.**

---

**Lamoutte, González, and Bacher, U.S. Bankruptcy Appellate Panel Judges.**

## <u>JUDGMENT OF DISMISSAL</u>

Lolonyon Akouete appeals from the bankruptcy court's January 30, 2026 order denying in part his Emergency Motion for Limited Clarification of Preliminary Injunction to Permit Procedural Appearance in Pending State Court Action. For the reasons discussed below, the Panel concludes that the order on appeal is not final and that interlocutory review is not warranted. Accordingly, this appeal is **DISMISSED** for lack of jurisdiction.

## <u>BACKGROUND</u>

Akouete is an asset recovery specialist, initially unrelated to the debtor. <u>See</u> <u>In re Westborough SPE LLC</u>, No. 23-40709-CJP, 2026 WL 459180, at *2 (Bankr. D. Mass. Feb. 17, 2026). Prior to the bankruptcy filing, Akouete attempted to take control of the debtor's assets and then the management of the debtor. <u>Id.</u>

In August 2023, two creditors filed an involuntary chapter 7 bankruptcy petition against Westborough SPE LLC. Akouete asserted a claim against the estate totaling more than $3 million based on a "management and asset recovery fee." The chapter 7 trustee objected to the

claim on the grounds that Akouete was never manager of the debtor and had acted improperly in his efforts to take over the debtor and claim its assets for his own benefit. The parties filed cross-motions for summary judgment and ultimately, the bankruptcy court disallowed Akouete's claim.

Meanwhile, the chapter 7 trustee commenced an adversary proceeding seeking preliminary and permanent injunctive relief against Akouete. After an emergency hearing, the bankruptcy court entered a preliminary injunction enjoining Akouete: (1) "from taking any action to litigate or prosecute in any way the claims asserted in the action styled Akouete v. Mignonette Investments Ltd.; Massachusetts Superior Court Department of the Trial Court, CA No. 2584CV2036G"; and (2) "from further communications with potential witnesses Peter Blaustein, Jan Scholes, and Dyann Blaine absent leave of Court or until entry of an order determining the pending motions for summary judgment with respect to [Akouete's] claim in the bankruptcy case." The bankruptcy court stated that such relief was

> necessary to carry out the provisions of Title 11, restrain interference with administration of the Debtor's estate, avoid the risk of inconsistent findings or rulings regarding property of the estate and the claims administration process regarding claims asserted by [Akouete] in the Debtor's case, which [we]re the subject of a dispute and a pending claim objection of the Trustee that [wa]s in the summary judgment stage, and avoid an abuse of process by [Akouete].

Four months later, Akouete filed an emergency motion in the main bankruptcy case seeking clarification regarding the scope of the preliminary injunction. Citing an upcoming hearing on February 4, 2026 in the superior court case referenced in the preliminary injunction, Akouete sought clarification that the preliminary injunction did not prohibit him from: (1) appearing at the hearing; (2) requesting remote access with respect to that hearing;

(3) filing an affidavit of service in that case; or (4) seeking entry of default in that case.[1]  The

bankruptcy court denied the motion in part, clarifying that Akouete could appear and provide a

status report at the superior court hearing, request to appear at the hearing remotely, and seek a

stay of the superior court case.  He could not, however, file an affidavit of service relating to his

efforts to obtain a default, request entry of default, or seek other relief.

This appeal followed.  While this appeal was pending, Akouete filed a motion with the

Panel seeking to modify the preliminary injunction to permit him to enforce a subpoena for

document production previously issued in the superior court case and, if necessary, to file a

motion to "compel compliance limited to document production."  The Panel denied that motion,

concluding that it lacked jurisdiction to modify a permanent injunction which was not before it

on appeal.

**APPELLATE JURISDICTION**

The Panel has jurisdiction to hear appeals from: (1) final judgments, orders, and decrees;

or (2) with leave of court, from certain interlocutory orders.  28 U.S.C. § 158(a)-(c).  "Orders in

bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the

overarching bankruptcy case."  Ritzen Grp., Inc. v. Jackson Masonry, LLC, 589 U.S. 35, 37

(2020) (citing Bullard v. Blue Hills Bank, 575 U.S. 496, 501 (2015)).  In contrast, an

interlocutory order "only decides some intervening matter pertaining to the cause, and . . .

requires further steps to be taken in order to enable the court to adjudicate the cause on the

merits."  Fleet Data Processing Corp. v. Branch (In re Bank of New Eng. Corp.), 218 B.R. 643,

---

[1]  A review of the superior court docket reflects that in September 2025, Akouete also filed an emergency motion for entry of default and default judgment, and that on October 9, 2025, the superior court issued a notice scheduling a "motion hearing" for February 4, 2026.  The notice did not, however, indicate which motion was to be addressed at the hearing.

646 (B.A.P. 1st Cir. 1998) (quoting In re Am. Colonial Broad. Corp., 758 F.2d 794, 801 (1st Cir. 1985)). The final judgment rule serves "a strong congressional policy against piecemeal review, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." In re Cont'l Inv. Corp., 637 F.2d 1, 3 (1st Cir. 1980) (citations omitted).

"[A] preliminary injunction . . . is, by its very nature interlocutory, tentative, provisional, ad interim, impermanent, mutable, not fixed or final or conclusive, characterized by its as-for-the-time-beingness." Francisco Sánchez v. Esso Std. Oil Co., 572 F.3d 1, 15 (1st Cir. 2009) (citation omitted); see also Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56, 67 (1st Cir. 2005) (recognizing that orders granting or denying preliminary injunctions are interlocutory); Saffa v. Wallace (In re Wallace), BAP No. 04-022, 2004 WL 1664060, at *2 (B.A.P. 10th Cir. July 19, 2004) (stating that "an appeal of a preliminary injunction . . . is an appeal of a non-final order"); In re Chateau Vill. Retail Office Condo. Ass'n, CA No. 90-4117, 1991 WL 94187, at *2 (E.D. La. May 29, 1991) ("A granting of a preliminary injunction is an interlocutory order."). Thus, the bankruptcy court's preliminary injunction order is not a final order. And, as the order on appeal merely clarified the scope of the interlocutory preliminary injunction order, it similarly is not a final order as the orders together did not resolve a discrete dispute. See Ritzen Grp., Inc., 589 U.S. at 37.

Additionally, "[w]hile interlocutory orders of district courts denying injunction may be appealed to the court of appeals as of right, 28 U.S.C. § 1292(a), that statute is inapplicable to an order of the bankruptcy court." Hall v. Mendes (In re Hall), BAP No. MB 25-012, slip op. at 5 (B.A.P. 1st Cir. Aug. 20, 2025); JJW Metal Corp. v. Municipio Autónomo de Carolina (In re JJW Metal Corp.), BAP No. PR 22-028, slip op. at 6 (B.A.P. 1st Cir. Oct. 4, 2022) (same); see also Rodriguez v. Ross (In re Rodriguez), BAP No. NV-19-1081-BHF, 2020 WL 710563, at *4

4

(B.A.P. 9th Cir. Feb 7, 2020) (emphasizing that bankruptcy appellate panels do not have jurisdiction to hear interlocutory orders granting injunctions as of right); Alliant Nat'l Title Ins. Co. v. Larson (In re Larson), 466 B.R. 147, 149 n.4 (B.A.P. 10th Cir. 2012) (stating that while 28 U.S.C. § 1292(a) "permits appeals as of right to the courts of appeal from '[i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions," it "does not apply to appeals from a bankruptcy court to a bankruptcy appellate panel or a district court, which are governed by 28 U.S.C. § 158"). It follows, therefore, that the interlocutory order clarifying the bankruptcy court's preliminary injunction order is not immediately appealable as of right under 28 U.S.C. § 1292(a)(1).

The Panel also declines to exercise its discretion to grant leave to hear this interlocutory appeal under 28 U.S.C. § 158(a)(3). When determining whether to hear an appeal from an interlocutory bankruptcy court order under 28 U.S.C. § 158(a)(3), courts in the First Circuit typically consider the following factors set forth in 28 U.S.C. § 1292(b): (1) whether the order involves a controlling question of law; (2) for which there is a substantial ground for difference of opinion; and (3) whether an immediate appeal of such an order would materially advance the ultimate termination of the litigation. See In re Bank of New Eng. Corp., 218 B.R. at 652.

The statutory test for interlocutory review is not satisfied on this record. An order which simply clarifies the scope of an interlocutory preliminary injunction does not involve a controlling question of law for which there is a substantial ground for difference of opinion. On the contrary, the legal standards governing injunctions are well-established. See, e.g., Cushing v. Packard, 30 F.4th 27, 35 (1st Cir. 2022) (providing that a request for a preliminary injunction is governed by a four-factor test); Comcast of Me./N.H., Inc. v. Mills, 988 F.3d 607, 611 (1st Cir. 2021) (same). Nor would an immediate appeal of such an order materially advance the ultimate

termination of the litigation. A decision to either affirm or reverse the order would not resolve any of the issues remaining in the adversary proceeding regarding the request for permanent injunctive relief or in the debtor's bankruptcy case.

Thus, the Panel will not exercise its discretion to hear this appeal.

## **CONCLUSION**

For the foregoing reasons, the Panel concludes that the order on appeal is interlocutory and that interlocutory review is not warranted. Accordingly, we **DISMISS** the appeal for lack of jurisdiction.[2]

FOR THE PANEL:

Dated: March 20, 2026        By: /s/ Arielle B. Adler
                         Arielle B. Adler, Clerk

cc:
By email: Hon. Christopher J. Panos
By email: Lolonyon Akouete
By U.S. mail: Westborough SPE LLC
By CM/ECF: Clerk, U.S. Bankruptcy Court, District of Massachusetts; and
Christine Devine, Esq.; Jonathan Goldsmith, Esq.; Angelina M. Savoia, Esq.; Richard King, Esq.

---

[2] Because this appeal is dismissed for lack of jurisdiction, the Panel need not address Akouete's failure to pay the appeal filing fee as required by Fed. R. Bankr. P. 8003(a)(3)(C), or his failure to file a designation of the record on appeal and statement of the issues on appeal, as required by Fed. R. Bankr. P. 8009(a)(1).