# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

---

**BAP NO. MW 26-003**

---

**Bankruptcy Case No. 23-40709-CJP**

---

**WESTBOROUGH SPE LLC,**
**Debtor.**

---

**LOLONYON AKOUETE,**
**Appellant.**

**v.**

**NATHANSON & GOLDBERG, P.C, Petitioning Creditor**
**THE MOBILESTREET TRUST, Petitioning Creditor,**
**JONATHAN GOLDSMITH, Chapter 7 Trustee,**
**TOWN OF WESTBOROUGH, Creditor,**
**Appellees.**

---

## APPELLANT'S MOTION FOR RECONSIDERATION OF JUDGMENT OF DISMISSAL

Appellant Lolonyon Akouete respectfully moves for reconsideration of the Panel's Judgment of Dismissal dated March 20, 2026. The Panel dismissed this appeal for lack of jurisdiction on the ground that the order on appeal was interlocutory and did not warrant discretionary review. Since that ruling, however, material developments have fundamentally altered the procedural posture of the injunction at issue, such that the order now operates with practical finality, presents a controlling legal question, and warrants immediate appellate review. Absent reconsideration, Appellant will be forced to pursue duplicative proceedings and a second appeal addressing the same issues, resulting in precisely the inefficiency the doctrine of interlocutory restraint is intended to avoid.

This motion does not seek to relitigate prior arguments. Rather, it is based on intervening developments and the present procedural reality, which was not before the Panel at the time of its decision.

# BACKGROUND

This appeal arises out of a procedurally complex interaction between the main bankruptcy case, *In re Westborough SPE LLC*, Case No. 23-40709-CJP, and a related adversary proceeding, *Goldsmith v. Akouete*, Adv. Proc. No. 25-04027.

On September 18, 2025, the Chapter 7 Trustee commenced the adversary proceeding seeking injunctive relief against Appellant. Shortly thereafter, the Trustee moved for a preliminary injunction, which the Bankruptcy Court granted in part by order dated September 24, 2025 (ECF No. 16). That order purported to restrict certain conduct by Appellant in connection with related state court proceedings and communications with certain individuals.

Following entry of that order, Appellant filed multiple motions seeking clarification of its scope, reflecting ongoing uncertainty as to what conduct was prohibited, whether routine litigation activity was permitted, and how the injunction applied to third-party discovery. The Bankruptcy Court provided limited clarification but otherwise denied further requests, at times stating that no additional guidance was required.

Subsequently, the Trustee sought to expand and enforce the injunction by filing additional motions, including a motion to expand the scope of the injunction and for contempt relief (ECF No. 48), as well as a supplemental request for further injunctive relief (ECF No. 68). These motions placed the scope, application, and enforceability of the injunction directly at issue and were the subject of continued proceedings.

At the same time, Appellant filed a consolidated motion to dismiss under Massachusetts anti-SLAPP law and to dissolve or modify the injunction (ECF No. 71), further placing the validity and enforceability of the injunction before the Bankruptcy Court.

Critically, the order giving rise to this appeal did not arise from the adversary proceeding itself, but from a motion filed in the main bankruptcy case seeking clarification of the injunction's scope. This created a procedural disconnect: the injunction originated and was being litigated in the adversary proceeding, but clarification was sought—and denied—in the main case.

After hearings held in February and March 2026, the Trustee withdrew on the record, without prejudice, the motions seeking to expand the injunction and for contempt relief. No further adjudication of those requests occurred, and no order was entered defining the present scope or enforceability of any injunctive restriction.

Following those developments, Appellant filed a motion on March 16, 2026 seeking clarification of the present effect of prior injunctive relief. No definitive ruling has been issued resolving that question.

As a result, the present procedural posture is materially different from that before the Panel at the time of dismissal. The anticipated adjudication of the scope and enforcement of the injunction has been abandoned, yet no clear, operative directive has been issued defining what conduct, if any, remains prohibited.

The Trustee has declined to clarify his position regarding the current effect of the injunction, and Appellant has been left without a clear statement of what restrictions, if any, remain in force. In light of these circumstances, Appellant has proceeded on the understanding that no enforceable restriction presently governs his ability to pursue discovery or participate in related state court proceedings. At a minimum, any purported injunctive restriction is insufficiently clear, definite, and specific to be enforceable.

This uncertainty is not incidental—it is the central issue underlying this appeal.

# **ARGUMENT**

## **I. INTERVENING DEVELOPMENTS WARRANT RECONSIDERATION**

Reconsideration is appropriate where there has been a material change in circumstances that affects the basis of the Court's prior ruling.

At the time of the Panel's dismissal, the injunction was being actively litigated in the adversary proceeding, and the Court reasonably viewed the matter as interlocutory, with further proceedings expected to define the scope and effect of the injunction.

That is no longer the case.

The Trustee has withdrawn the motions that would have resulted in adjudication of the injunction's scope and enforcement. As a result, there is no longer any pending procedural mechanism through which the injunction's meaning, limits, or continued viability will be determined in the ordinary course.

This development fundamentally alters the posture of the case. What was previously an evolving, interlocutory matter has become a static and unresolved restraint, with no clear path toward clarification or final adjudication.

The Panel did not have this posture before it. Reconsideration is therefore warranted.

## **II. THE ORDER NOW OPERATES WITH PRACTICAL FINALITY**

Although preliminary injunctions are generally interlocutory, courts recognize that an order may be treated as effectively final where it imposes ongoing, concrete restrictions that are not meaningfully reviewable at a later stage.

Here, the order denying clarification of the injunction has that effect.

The injunction, to the extent it is asserted to exist, presently governs Appellant's conduct in parallel proceedings, including his ability to pursue discovery and to participate in state court litigation. At the same time, the Bankruptcy Court has declined to provide further clarification, and the Trustee has withdrawn the motions that would have defined the scope of the injunction.

As a result, Appellant is subject to a purported restraint that:

- lacks a clearly defined scope;
- is not subject to ongoing adjudication; and
- cannot be meaningfully reviewed at a later stage because no further clarification is forthcoming.

An injunction that is indefinite in scope yet continuing in effect operates, as a practical matter, as a final determination of the restrained party's rights. It is not "tentative" in any meaningful sense—it is controlling.

Under these circumstances, the order on appeal should be treated as effectively final for purposes of appellate review.

## III. THE REQUIREMENTS FOR INTERLOCUTORY REVIEW ARE NOW SATISFIED

Even if the order is viewed as formally interlocutory, the standards for discretionary review are satisfied.

The appeal presents a controlling question of law: whether a bankruptcy court may maintain or leave in place a purported injunction that restricts a party's conduct where the scope of that injunction is undefined and the procedural mechanism for its clarification and enforcement has been withdrawn.

There is substantial ground for difference of opinion on this issue. The present procedural posture—where an injunction is left in place without clear definition or active adjudication—is atypical and raises significant due process concerns, including whether such a restriction can be enforced consistent with the requirement that injunctions be clear, definite, and specific.

Immediate review will materially advance the termination of the litigation. If review is denied, Appellant will be required to pursue further proceedings in the bankruptcy court and then file a second appeal addressing the same issues. This will result in duplicative litigation and unnecessary expenditure of judicial resources.

Granting review now will resolve the matter in a single appellate proceeding.

## IV. JUDICIAL ECONOMY STRONGLY FAVORS RECONSIDERATION

The doctrine limiting interlocutory appeals is grounded in a concern for avoiding piecemeal litigation. Here, however, denial of reconsideration will produce precisely that result.

Appellant has already pursued one appeal concerning the scope and effect of the injunction. The procedural posture has now materially changed. Without reconsideration, Appellant will be required to relitigate the same issues and pursue a second appeal.

This duplicative cycle serves no purpose and imposes unnecessary burdens on both the parties and the courts.

By contrast, reconsideration will allow the Panel to resolve the issues in a single proceeding, promoting efficiency and finality.

## V. THE PRESENT UNCERTAINTY ITSELF WARRANTS APPELLATE REVIEW

Finally, this case presents a fundamental issue of fairness and due process.

A party cannot be bound by, or subject to sanctions for violating, an injunction that is not clear, definite, and specific as to the conduct prohibited. Where the scope of an injunction is indeterminate, it cannot be enforced.

Here, the combination of:

- limited and incomplete clarification;
- withdrawal of enforcement and expansion proceedings;
- absence of a definitive ruling on the injunction's current scope; and
- refusal by the opposing party to clarify its position

has created a situation in which the existence and scope of any operative restriction is uncertain.

That uncertainty is not a reason to deny review—it is a reason to grant it.

## VI. THE FAILURE TO ADJUDICATE APPELLANT'S ANTI-SLAPP MOTION CREATES AN INDEPENDENT BASIS FOR IMMEDIATE REVIEW AND CONFIRMS THAT DUPLICATIVE APPEALS ARE INEVITABLE

An additional and independent basis for reconsideration arises from the Bankruptcy Court's handling of Appellant's Anti-SLAPP motion under G.L. c. 231, § 59H, which is not merely a procedural filing, but a statutory mechanism designed to provide an early and decisive determination of whether claims are based on protected petitioning activity. The core purpose of that statute is to prevent a party from being subjected to the burdens of litigation where the claims arise from constitutionally protected conduct, and to require courts to resolve that issue at the threshold stage, before litigation proceeds further.

Appellant filed his consolidated Anti-SLAPP motion in the adversary proceeding at **ECF No. 71 (Adv. Proc. No. 25-04027)**. That motion sought dismissal of the Trustee's Amended Complaint and relief from the ongoing injunctive framework predicated on Appellant's alleged litigation-related conduct. The Bankruptcy Court ruled on that motion in its **Order dated March 17, 2026 (ECF No. 101)**.

The statutory screening function of the Anti-SLAPP motion, however, was not carried out. As reflected in **ECF No. 101**, the Court denied the motion in two ways that effectively deferred or bypassed its purpose. First, as to certain counts, the Court treated the motion as "unnecessary" based on the Trustee's representation that those claims would be voluntarily dismissed at some future point, even though those claims remained pleaded and expressly contingent on appellate developments. Second, as to Counts II, VII, and VIII and any remaining claims, the Court denied the motion by adopting the reasoning set forth in the Trustee's objection at **ECF No. 74**, without conducting the analysis required under the Anti-SLAPP framework to determine whether those claims arise from protected petitioning activity or whether they can survive the statutory burden-shifting standard.

This leaves the case in a procedurally anomalous posture. The claims remain pending—at least conditionally—yet Appellant has been denied the statutory protection afforded by the Anti-SLAPP mechanism, which is specifically designed to resolve such issues at the outset of litigation. Instead of an early determination, Appellant is subjected to continued litigation without a definitive ruling on whether the claims themselves are legally permissible.

More importantly, this posture confirms that dismissal of the present appeal will not promote judicial efficiency, but will instead ensure duplicative appellate proceedings. If reconsideration is denied, Appellant will be required to continue litigating in the Bankruptcy Court while the Anti-SLAPP issues remain unresolved, and will then be compelled to file a separate appeal seeking review of the Bankruptcy Court's failure to properly adjudicate the Anti-SLAPP motion embodied in **ECF Nos. 71 and 101**. That subsequent appeal will necessarily involve the same parties, the same underlying conduct, and the same legal question—namely, whether Appellant's litigation and petitioning activity may serve as a basis for liability or restraint.

The Anti-SLAPP issue is not collateral to the injunction issues presented in this appeal. To the contrary, both arise from the same core legal question: whether Appellant's litigation-related conduct constitutes protected petitioning activity. The injunction operates to restrict that conduct, while the Anti-SLAPP motion challenges the legal basis for doing so. Treating these issues separately—by dismissing this appeal now and requiring a second appeal later—would fragment what is, in substance, a single dispute.

Under these circumstances, the Panel's concern regarding piecemeal review is no longer applicable. The present procedural posture does not avoid piecemeal litigation; it guarantees it. Reconsideration is therefore warranted so that the Panel may address these intertwined issues in a single, consolidated proceeding.

## <u>CONCLUSION</u>

For the foregoing reasons, Appellant respectfully requests that the Panel:

1. Vacate the Judgment of Dismissal;
2. Reinstate this appeal for consideration on the merits; or
3. Alternatively, grant leave to pursue this interlocutory appeal.

DATED: March 26, 2026, Respectfully submitted:

By creditor/Appellant,



Lolonyon Akouete
800 Red Mills Rd
Wallkill NY 12589
(443) 447-3276
info@smartinvestorsllc.com

# United States Bankruptcy Court
## District of Massachusetts (Worcester)
## Adversary Proceeding #: 25-04027

*Assigned to:* Judge Christopher J. Panos      *Date Filed:* 09/18/25
*Lead BK Case:* 23-40709
*Lead BK Title:* Westborough SPE LLC
*Lead BK Chapter:* 7
*Demand:*

*Nature[s] of Suit:* 71 Injunctive relief - reinstatement of stay

### *Plaintiff*
----------------------
**Jonathan R. Goldsmith, Chapter 7 Trustee**
Goldsmith, Katz & Argenio, P.C.
1350 Main Street, Suite 1505
Springfield, MA 01103
413-747-0700

represented by **Christine E. Devine**
Nicholson Devine LLC
PO Box 7
Medway, MA 02053
508-533-7240
Email: christine@nicholsondevine.com

**Angelina M. Savoia**
Nicholson Devine LLC
21 Bishop Allen Drive
Cambridge, MA 02139
857-600-0508
Email: angelina@nicholsondevine.com

V.

### *Defendant*
----------------------
**Lolonyon Akouete**
800 Red Miles Road
Wallkill, NY 12589

represented by **Lolonyon Akouete**
PRO SE

| Filing Date | # | Docket Text |
|---|---|---|
| 09/18/2025 | 1<br>(56 pgs; 3 docs) | Adversary case 25-04027. Complaint by Jonathan R. Goldsmith, Chapter 7 Trustee against Lolonyon Akouete. Fee Amount $350. (Attachments: # 1 Affidavit # 2 Exhibits To Affidavit) Nature of Suit(71 Injunctive relief - reinstatement of stay))(Devine, Christine) (Entered: 09/18/2025) |

| 09/18/2025 | | Receipt of filing fee for Complaint( 25-04027) [cmp,cmp] ( 350.00). Receipt Number A21119302, amount $ 350.00 (re: Doc# 1) (U.S. Treasury) (Entered: 09/18/2025) |
|---|---|---|
| 09/18/2025 | 2 (9 pgs) | Motion filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee for Preliminary Injunction with certificate of service. (Devine, Christine) (Entered: 09/18/2025) |
| 09/18/2025 | 3 (2 pgs) | Summons Issued on Lolonyon Akouete. Summons must be served within seven (7) days of issuance. Answer Due 10/20/2025. (jp, usbc) (Entered: 09/18/2025) |
| 09/19/2025 | 4 (2 pgs) | Scheduling Order To Set Hearing Re: 2 Motion for Preliminary Injunction filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee. THE COURT HEREBY SCHEDULES THE MOTION FOR PRELIMINARY INJUNCTION [ECF NO. 2] FOR HEARING ON SEPTEMBER 23, 2025 AT 11:00 A.M. (THE "HEARING"). THE HEARING WILL BE CONDUCTED BY TELEPHONE. TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828-7666 AND ENTER MEETING ID 160 257 7274 AND PASSCODE 984 524 WHEN PROMPTED. OBJECTIONS SHALL BE FILED NO LATER THAN SEPTEMBER 23, 2025 AT 9:00 A.M. (jp, usbc) (Entered: 09/19/2025) |
| 09/20/2025 | 5 (3 pgs) | BNC Certificate of Mailing. (Re: 3 Summons Issued) Notice Date 09/20/2025. (Admin.) (Entered: 09/21/2025) |
| 09/21/2025 | 6 (3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 4 Order To Set Hearing) Notice Date 09/21/2025. (Admin.) (Entered: 09/22/2025) |
| 09/22/2025 | 7 (6 pgs) | Answer to Complaint with certificate of service filed by Lolonyon Akouete . (meh, Usbc) (Entered: 09/22/2025) |
| 09/22/2025 | 8 (295 pgs; 2 docs) | Defendant's Memorandum in Opposition with certificate of service filed by Defendant Lolonyon Akouete Re: 2 Motion filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee for Preliminary Injunction with certificate of service. (meh, Usbc) (Entered: 09/22/2025) |
| 09/22/2025 | 9 (6 pgs) | Emergency Motion filed by Defendant Lolonyon Akouete to Continue Hearing [Re: 2 Motion for Preliminary Injunction] with certificate of service. (meh, Usbc) (Entered: 09/22/2025) |
| 09/22/2025 | 10 (1 pg) | Order dated 9/22/2025 Re: 9 Emergency Motion filed by Defendant Lolonyon Akouete to Continue Hearing [Re: 2 |

| | | |
|---|---|---|
| | | Motion for Preliminary Injunction]. DENIED. THE EMERGENCY HEARING THE COURT SCHEDULED BY ORDER ENTERED ON SEPTEMBER 19, 2025 REGARDING THE EMERGENCY PRELIMINARY INJUNCTION MOTION SHALL GO FORWARD AS SCHEDULED. MR. AKOUETE SHALL INFORM THE SUPERIOR COURT OF THE PENDING PRELIMINARY INJUNCTION MOTION BEFORE THIS COURT THAT HAS BEEN SCHEDULED FOR AN EMERGENCY HEARING ON SEPTEMBER 23, 2025 AT 11:00 A.M. NO HEARING SHALL BE SCHEDULED IN THE SUPERIOR COURT ON MR. AKOUETES DEFAULT REQUEST UNTIL AFTER THE HEARING ON THE PRELIMINARY INJUNCTION REQUEST HAS BEEN DETERMINED IN THIS COURT. (jp, usbc) (Entered: 09/22/2025) |
| 09/22/2025 | 11 (2 pgs) | Summons Service Executed on Lolonyon Akouete 9/22/2025 (Devine, Christine) (Entered: 09/22/2025) |
| 09/22/2025 | 12 (1 pg) | Certificate of Service (Re: 4 Order To Set Hearing) filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee (Devine, Christine) (Entered: 09/22/2025) |
| 09/23/2025 | 13 (49 pgs) | Defendant's Supplemental Opposition to Trustee's Motion for Preliminary Injunction, Cross-Motion to Compel Compliance with Subpoenas, and Request for Detailed Written Findings (Re: 8 Defendant's Memorandum in Opposition with certificate of service filed by Defendant Lolonyon Akouete Re: 2 Motion filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee for Preliminary Injunction) filed by Defendant Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 09/23/2025) |
| 09/23/2025 | | Hearing Held Re: 2 Motion filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee for Preliminary Injunction. (ab) (Entered: 09/23/2025) |
| 09/23/2025 | 14 (1 pg) | Proceeding Memorandum and Order dated 9/23/2025 Re: 2 Motion filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee for Preliminary Injunction. HEARING HELD. A SEPARATE ORDER WILL ENTER. (jp, usbc) (Entered: 09/23/2025) |
| 09/24/2025 | 15 (4 pgs) | Defendant's Motion for Expedited Discovery filed by Defendant Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 09/24/2025) |

| | | |
|---|---|---|
| 09/24/2025 | [16](#)<br>(3 pgs) | Preliminary Injunction Order dated 9/24/2025 Re: [2](#) Motion filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee for Preliminary Injunction. GRANTED IN PART. See Order for Full Text. (slh, usbc) (Entered: 09/24/2025) |
| 09/24/2025 | [17](#)<br>(1 pg) | Court Certificate of Mailing Re: [16](#) Order on Motion For Preliminary Injunction. (slh, usbc) (Entered: 09/24/2025) |
| 09/24/2025 | [18](#)<br>(1 pg) | Order dated 9/24/2025 Re: [15](#) Defendant's Motion for Expedited Discovery filed by Defendant Lolonyon Akouete. DENIED. EXPEDITED DISCOVERY IS DENIED. THE COURT BASED ITS FINDINGS RULINGS ON THE REQUESTED PRELIMINARY INJUNCTION ON COPIES OF A COMPLAINT, EMAILS, AND OTHER FACTS IN THE RECORD THAT WERE NOT DISPUTED BY MR. AKOUETE AND REASONABLE INFERENCES THEREFROM. THE COURT HAS RESERVED ON ISSUES OF DAMAGES AND ULTIMATE RELIEF AND WILL SCHEDULE A CASE MANAGEMENT CONFERENCE AFTER DETERMINATION OF THE SUMMARY JUDGMENT MOTIONS PRESENTLY UNDER ADVISEMENT WITH RESPECT TO MR. AKOUETE'S CLAIM. (slh, usbc) (Entered: 09/24/2025) |
| 09/24/2025 | [19](#)<br>(1 pg) | Court Certificate of Mailing Re: [18](#) Order. (slh, usbc) (Entered: 09/24/2025) |
| 09/24/2025 | [20](#)<br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [10](#) Order on Motion to Continue/Cancel Hearing) Notice Date 09/24/2025. (Admin.) (Entered: 09/25/2025) |
| 09/25/2025 | [21](#)<br>(8 pgs) | Emergency Motion filed by Defendant Lolonyon Akouete for Clarification of Preliminary Injunction Order (Re: [16](#) Preliminary Injunction Order dated 9/24/2025 Re: [2](#) Motion filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee for Preliminary Injunction) with certificate of service. (sl) (Entered: 09/25/2025) |
| 09/25/2025 | [22](#)<br>(1 pg) | Order dated 9/25/2025 Re: [21](#) Emergency Motion filed by Defendant Lolonyon Akouete for Clarification of Preliminary Injunction Order Re: [16](#) Preliminary Injunction Order dated 9/24/2025 Re: [2](#) Motion filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee for Preliminary Injunction. GRANTED IN PART, AND DENIED IN PART. TO THE EXTENT NECESSARY, THE COURT CLARIFIES THAT THE FOLLOWING DO NOT CONSTITUTE COMMUNICATIONS AS CONTEMPLATED BY THE PRELIMINARY INJUNCTION: (1) FILING OR SERVICE OF |

| | | |
|---|---|---|
| | | PLEADINGS FILED IN ANY COURT OR SERVICE OF LEGAL PROCESS AND (2) COMMUNICATION WITH COUNSEL REPRESENTING ANY OF THE POTENTIAL WITNESSES NAMED IN THE PRELIMINARY INJUNCTION. ANY OTHER RELIEF REQUESTED IS DENIED. (meh, Usbc) (Entered: 09/25/2025) |
| 09/26/2025 | 23 (13 pgs) | Emergency Motion filed by Defendant Lolonyon Akouete for Clarification (and, if Necessary, Limited Modification) of 16 Preliminary Injunction Order dated 9/24/2025 Re: 2 Motion filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee for Preliminary Injunction with Certificate of Service. (slh, usbc) (Entered: 09/26/2025) |
| 09/26/2025 | 24 (1 pg) | Order dated 9/26/2025 Re: 23 Emergency Motion filed by Defendant Lolonyon Akouete for Clarification (and, if Necessary, Limited Modification) of 16 Preliminary Injunction Order dated 9/24/2025 Re: 2 Motion filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee for Preliminary Injunction. DENIED. NO FURTHER GUIDANCE SHOULD BE REQUIRED. FURTHER, IN ADDITION TO FILING A COPY OF THE PRELIMINARY INJUNCTION ORDER [ECF NO. 16] IN THE MIGNONETTE ACTION AND A REQUEST THAT THE SUPERIOR COURT STAY THAT ACTION WHILE THE INJUNCTION REMAINS IN EFFECT, THE MOVANT SHOULD ALSO SERVE A COPY OF HIS MOTION REQUESTING A STAY OF THE MIGNONETTE ACTION ORDERED AS PART OF THE PRELIMINARY INJUNCTION ON ALL PARTIES TO THE MIGNONETTE ACTION AND ON ANY PARTY THAT HAS BEEN SERVED A SUBPOENA OR ANY OTHER DEMAND IN THAT ACTION. (slh, usbc) (Entered: 09/26/2025) |
| 09/26/2025 | 25 (2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 14 Order on Motion For Preliminary Injunction) Notice Date 09/26/2025. (Admin.) (Entered: 09/27/2025) |
| 09/26/2025 | 26 (4 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 16 Order on Motion For Preliminary Injunction) Notice Date 09/26/2025. (Admin.) (Entered: 09/27/2025) |
| 09/26/2025 | 27 (2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 18 Order on Generic Motion) Notice Date 09/26/2025. (Admin.) (Entered: 09/27/2025) |
| 09/27/2025 | 28 (2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 22 Order on Motion to Clarify) Notice Date 09/27/2025. |

| | | |
|---|---|---|
| | | (Admin.) (Entered: 09/28/2025) |
| 09/28/2025 | [29](#)<br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [24](#) Order on Motion to Clarify) Notice Date 09/28/2025. (Admin.) (Entered: 09/29/2025) |
| 09/29/2025 | [30](#)<br>(29 pgs) | Emergency Motion for Reconsideration of September 26, 2025 Order Denying Clarification (DKT. 23), or, in the Alternative, for Leave to Appeal Interlocutory Order; and for Temporary Preservation Relief (Re: [24](#) Order dated 9/26/2025 Re: [23](#) Emergency Motion filed by Defendant Lolonyon Akouete with certificate of service filed by Defendant Lolonyon Akouete. (jp, usbc) (Entered: 09/29/2025) |
| 09/30/2025 | [31](#)<br>(3 pgs) | Emergency Motion Requesting Electronic Copy of Hearing Recording with certificate of service filed by Defendant Lolonyon Akouete . (jp, usbc) (Entered: 09/30/2025) |
| 09/30/2025 | [32](#)<br>(1 pg) | Order dated 9/30/2025 Re: [30](#) Emergency Motion for Reconsideration of September 26, 2025 Order Denying Clarification (DKT. 23), or, in the Alternative, for Leave to Appeal Interlocutory Order; and for Temporary Preservation Relief (Re: 24 Order dated 9/26/2025 Re: 23 Emergency Motion filed by Defendant Lolonyon Akouete. REQUEST FOR EMERGENCY HEARING IS DENIED. AFTER CONSIDERATION, MOVANT HAS NOT STATED A SUFFICIENT BASIS FOR AN EMERGENCY HEARING ON HIS MOTION FOR RECONSIDERATION. THE SUBSTANTIVE RELIEF REQUESTED IN THE MOTION WILL BE CONSIDERED IN THE ORDINARY COURSE, AND THE MOVANT SHALL COMPLY WITH ALL PRIOR ORDERS OF THE COURT. (jp, usbc) (Entered: 09/30/2025) |
| 10/02/2025 | [33](#)<br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [32](#) Order on Motion To Reconsider) Notice Date 10/02/2025. (Admin.) (Entered: 10/03/2025) |
| 10/03/2025 | [34](#)<br>(11 pgs) | Defendant's Emergency Motion for Reconsideration of Preliminary Injunction Order (ECF No. 16), Request for Written Findings Under Rule 52(a)(2), and, In the Alternative, to Modify the Injunction with Narrowly Tailored Terms (Re: [16](#) Preliminary Injunction Order dated 9/24/2025 Re: [2](#) Motion filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee for Preliminary Injunction) filed by Defendant Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 10/03/2025) |

| | | |
|---|---|---|
| 10/03/2025 | [35](#) (2 pgs) | Order dated 10/3/2025 Re: [30](#) Emergency Motion for Reconsideration of September 26, 2025 Order Denying Clarification (DKT. 23), or, in the Alternative, for Leave to Appeal Interlocutory Order; and for Temporary Preservation Relief (Re: [24](#) Order dated 9/26/2025 Re: 23 Emergency Motion filed by Defendant Lolonyon Akouete). DENIED. THE MOTION FOR RECONSIDERATION DOES NOT ASSERT ADDITIONAL MATERIAL INFORMATION THAT WAS NOT ALREADY CONSIDERED IN ENTERING THE ORIGINAL ORDER THAT WOULD DEMONSTRATE THAT THE COURT MADE A MANIFEST ERROR OF LAW OR FACT. SEE IN RE WEDGESTONE FIN, 142 B.R. 7, 8 (BANKR. D. MASS. 1992) (CITATIONS OMITTED). AS TO THE ALTERNATIVE REQUEST FOR LEAVE TO APPEAL AN INTERLOCUTORY ORDER, THAT REQUEST IS STRICKEN AS IT MAY NOT BE ADDRESSED BY THIS COURT AND MUST COMPLY WITH THE PROCEDURES SET OUT IN FED. BANKR. P. 8004. (jp, usbc) (Entered: 10/03/2025) |
| 10/03/2025 | [36](#) (1 pg) | Order dated 10/3/2025 Re: [31](#) Emergency Motion Requesting Electronic Copy of Hearing Recording. GRANTED IN PART. THE CLERK SHALL UPLOAD THE RECORDING TO THE DOCKET. (jp, usbc) (Entered: 10/03/2025) |
| 10/03/2025 | [37](#) (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [09/23/2025 11:00 AM]. File Size [11505.69 kb]. Run Time [00:00:1361]. (Telephonic Hearing on #2 Motion of Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee for Preliminary Injunction. (Christine Devine) #8 Memorandum In Opposition filed by Defendant. (Pro Se)). (SophiaHoward) (Entered: 10/03/2025) |
| 10/05/2025 | [38](#) (3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [35](#) Order) Notice Date 10/05/2025. (Admin.) (Entered: 10/06/2025) |
| 10/05/2025 | [39](#) (2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [36](#) Order on Generic Motion) Notice Date 10/05/2025. (Admin.) (Entered: 10/06/2025) |
| 10/06/2025 | [40](#) (2 pgs) | Order dated 10/6/2025 Re: [34](#) Defendant's Emergency Motion for Reconsideration of Preliminary Injunction Order (ECF No. 16), Request for Written Findings Under Rule 52(a)(2), and, In the Alternative, to Modify the Injunction with Narrowly Tailored Terms (Re: [16](#) Preliminary Injunction Order dated 9/24/2025 Re: [2](#) |

Motion filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee for Preliminary Injunction) filed by Defendant Lolonyon Akouete. DENIED FOR THE REASONS STATED ON THE RECORD IN GRANTING INJUNCTIVE RELIEF [ECF No. 37] IN THE ORDER ENJOINING THE MOVANT [ECF No. 16], IN THE ORDER CLARIFYING THE INJUNCTION [ECF No. 24], IN THE ORDER DENYING RECONSIDERATION [ECF No. 24], AND IN THE ORDER DENYING RECONSIDERATION [ECF No. 35]. THE COURT NOTES THAT IT MADE DETAILED FINDINGS ON THE RECORD SUPPORTING ITS ORDERS AND THAT, WHILE THE MOVANT CONTENDS THAT HE LACKED A MEANINGFUL OPPORTUNITY TO BE HEARD, IT IS CLEAR FROM THE RECORD THAT THE COURT CONSIDERED ALL OF THE MOVANT'S FILINGS ON THE DOCKET AND HIS ORAL PRESENTATION WHERE HE STATED THAT HE WOULD RELY ON THOSE FILINGS. AS STATED ON THE RECORD, THE COURT ADOPTED THE ASSERTIONS SET OUT BY THE TRUSTEE IN THE MOTION AND COMPLAINT IN FINDING THAT THE TRUSTEE HAD MET HIS BURDEN. TO BE CLEAR, THE COURT FOUND AND FINDS THAT THERE IS SIGNIFICANT RISK OF INCONSISTENT RULINGS OR FINDINGS IN THE STATE COURT LITIGATION AND THAT FURTHER PROSECUTION OF THAT CASE BY THE MOVANT IS LIKELY TO CAUSE IRREPERABLE HARM, AN ABUSE OF PROCESS, AND INTERFERENCE WITH THE ADMINISTRATION OF THIS ESTATE. FURTHER, THE BALANCE OF THE HARMS AND PUBLIC INTEREST WEIGH HEAVILY IN FAVOR OF THE TRUSTEE IN OBTAINING THE REQUESTED ORDER STAYING FURTHER ACTIVITY IN THAT CASE AT LEAST UNTIL THIS COURT RULES ON PENDING MOTIONS FOR SUMMARY JUDGMENT.TO THE EXTENT THAT THE MOTION REQUESTS A STAY PENDING APPEAL, THAT REQUEST IS DENIED BECAUSE THE MOVANT CANNOT DEMONSTRATE LIKELIHOOD OF SUCCESS OF AN APPEAL. (jp, usbc) (Entered: 10/06/2025)

| | | |
|---|---|---|
| 10/07/2025 | [41](#)<br>(7 pgs) | Emergency Motion to Clarify and Modify Order (Dkt. 36) Granting in Part Defendant's Request for Hearing Recording; or, in the Alternative, for Access Accommodation and Brief Extension (Re: [36](#) Order dated 10/3/2025 Re: [31](#) Emergency Motion Requesting Electronic Copy of Hearing Recording) filed by Defendant Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 10/07/2025) |
| 10/07/2025 | [42](#)<br>(1 pg) | Order dated 10/7/2025 Re: [41](#) Emergency Motion to Clarify and Modify Order (Dkt. 36) Granting in Part Defendant's Request for Hearing Recording; or, in the Alternative, for Access Accommodation and Brief Extension (Re: [36](#) Order dated 10/3/2025 Re: [31](#) Emergency Motion Requesting Electronic Copy of Hearing Recording) filed by Defendant Lolonyon Akouete. GRANTED IN PART AND DENIED IN PART. See Order for Full Text. (jp, usbc) (Entered: 10/07/2025) |
| 10/08/2025 | [43](#)<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [40](#) Order on Motion To Reconsider) Notice Date 10/08/2025. (Admin.) (Entered: 10/09/2025) |
| 10/09/2025 | [44](#)<br>(25 pgs) | Defendants Renewed Emergency Motion for Reconsideration of Preliminary Injunction, or, in the Alternative, to Modify/Clarify the Order with Narrowly Tailored Terms; and Request for Specific Written Findings under Rule 52(a)(2) filed by Defendant Lolonyon Akouete (Re: [16](#) Preliminary Injunction Order dated 9/24/2025 Re: [2](#) Motion filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee for Preliminary Injunction) with certificate of service. (jp, usbc) (Entered: 10/09/2025) |
| 10/09/2025 | [45](#)<br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [42](#) Order on Motion to Clarify) Notice Date 10/09/2025. (Admin.) (Entered: 10/10/2025) |

| | | |
|---|---|---|
| 10/10/2025 | [46](#)<br>(1 pg) | Order dated 10/10/2025 Re: [44](#) Defendants Renewed Emergency Motion for Reconsideration of Preliminary Injunction, or, in the Alternative, to Modify/Clarify the Order with Narrowly Tailored Terms; and Request for Specific Written Findings under Rule 52(a)(2) filed by Defendant Lolonyon Akouete. DENIED. SEE ORDER AT ECF NO. 40. THIS MOTION SEEKS IDENTICAL RELIEF AS PRIOR MOTIONS FOR RECONSIDERATION, AND MR. AKOUETE HAS BEEN WARNED ON A NUMBER OF OCCASIONS AGAINST FILING MULTIPLE MOTIONS SEEKING THE SAME OR SIMILAR RELIEF. (slh, usbc) (Entered: 10/10/2025) |
| 10/12/2025 | [47](#)<br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [46](#) Order on Motion To Reconsider) Notice Date 10/12/2025. (Admin.) (Entered: 10/13/2025) |
| 11/05/2025 | [48](#)<br>(11 pgs) | Motion filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee to Expand Scope of Preliminary Injunction Order and Motion for Contempt of Existing Injunction with certificate of service. (Savoia, Angelina) (Entered: 11/05/2025) |
| 11/05/2025 | [49](#)<br>(29 pgs) | Affidavit of Jonathan R. Goldsmith, Chapter 7 Trustee *in Support of Motion to Expand Scope of Preliminary Injunction Order* (Re: [48](#) Motion for Preliminary Injunction) filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee (Savoia, Angelina) (Entered: 11/05/2025) |
| 11/06/2025 | [50](#)<br>(2 pgs) | Certificate of Service (Re: [49](#) Affidavit/Declaration) filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee (Savoia, Angelina) (Entered: 11/06/2025) |
| 11/06/2025 | [51](#)<br>(10 pgs) | Objection filed by Defendant Lolonyon Akouete Re: [48](#) Motion filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee to Expand Scope of Preliminary Injunction Order and Motion for Contempt of Existing Injunction; and Constitutional Objections and Request for Alternative Relief with certificate of service. (slh, usbc) (Entered: 11/06/2025) |
| 11/06/2025 | [52](#)<br>(2 pgs) | Hybrid Hearing Scheduled for 11/21/2025 at 02:00 PM Either Zoom or In Person at Worcester Courtroom 3 - CJP. Objections due by 11/17/2025 at 04:30 PM on [48](#) Motion filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee to Expand Scope of Preliminary Injunction Order and Motion for Contempt of Existing Injunction. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. |

| | | |
|---|---|---|
| | | (slh, usbc) (Entered: 11/06/2025) |
| 11/07/2025 | [53](#)<br>(2 pgs) | Certificate of Service of Notice of Hearing (Re: [48](#) Motion for Preliminary Injunction) filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee (Savoia, Angelina) (Entered: 11/07/2025) |
| 11/17/2025 | [54](#)<br>(8 pgs) | Defendant's Special Motion to Dismiss Under G.L. c. 231 Sec. 59H (Anti-SLAPP) and Motion to Dissolve Preliminary Injunction Order filed by Defendant Lolonyon Akouete Re: [1](#) Complaint with certificate of service. (slh, usbc) (Entered: 11/17/2025) |
| 11/21/2025 | | Hearing Held Re: [48](#) Motion filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee to Expand Scope of Preliminary Injunction Order and Motion for Contempt of Existing Injunction. (ab) (Entered: 11/25/2025) |
| 11/25/2025 | [55](#)<br>(2 pgs) | Proceeding Memorandum and Order dated 11/25/2025 Re: [48](#) Motion filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee to Expand Scope of Preliminary Injunction Order and Motion for Contempt of Existing Injunction. FOR THE REASONS STATED ON THE RECORD, THE MOTION IS GRANTED IN PART ONLY AS PROVIDED HEREIN AND THE REMAINDER OF THE RELIEF REQUESTED WILL BE SCHEDULED FOR FURTHER HEARING AFTER THE TRUSTEE AMENDS THE COMPLAINT AND FILES ANY ADDITIONAL PLEADINGS, WHICH SHALL BE DUE WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER. See Order for Full Text. (slh, usbc) (Entered: 11/25/2025) |
| 11/26/2025 | [56](#)<br>(34 pgs) | Motion filed by Defendant Lolonyon Akouete for Clarification of Proceeding Memorandum and Order (Re: [55](#) Order on Motion For Preliminary Injunction). (meh, Usbc) (Entered: 11/26/2025) |
| 11/27/2025 | [57](#)<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [55](#) Order on Motion For Preliminary Injunction) Notice Date 11/27/2025. (Admin.) (Entered: 11/28/2025) |

| 12/01/2025 | [58](#) (2 pgs) | Order dated 12/1/2025 Re: [56](#) Motion filed by Defendant Lolonyon Akouete for Clarification of Proceeding Memorandum and Order Re: [55](#) Order on Motion For Preliminary Injunction. DENIED AS UNNECESSARY. THE COURTS PROCEEDING MEMORANDUM AND ORDER AT ECF NO. 55 DOES NOT REQUIRE FURTHER CLARIFICATION. See Order for Full Text. (meh, Usbc) (Entered: 12/01/2025) |
|---|---|---|
| 12/01/2025 | [59](#) (4 pgs) | Request for a Hearing Audio File *and Motion to Make Hearing Audio Available on Docket* Fee Amount $34 (Re: [48](#) Motion for Preliminary Injunction) filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee (Savoia, Angelina) (Entered: 12/01/2025) |
| 12/01/2025 | | Receipt of filing fee for Request for Hearing Audio File( [25-04027](#)) [misc,reqaud] ( 34.00). Receipt Number A21214183, amount $ 34.00 (re: Doc# [59](#)) (U.S. Treasury) (Entered: 12/01/2025) |
| 12/03/2025 | [60](#) (10 pgs) | Emergency Motion for Expedited Hearing and Scheduling Order Regarding Defendant's Special Motion to Dismiss (Adv. Dkt. No. 54) filed by Defendant Lolonyon Akouete (Re: [54](#) Defendant's Special Motion to Dismiss Under G.L. c. 231 Sec. 59H (Anti-SLAPP) and Motion to Dissolve Preliminary Injunction Order filed by Defendant Lolonyon Akouete Re: [1](#) Complaint ) with certificate of service. (jp, usbc) (Entered: 12/03/2025) |
| 12/03/2025 | [61](#) (3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [58](#) Order on Motion to Clarify) Notice Date 12/03/2025. (Admin.) (Entered: 12/04/2025) |
| 12/05/2025 | [62](#) (1 pg) | Order dated 12/5/2025 Re: [59](#) Request for a Hearing Audio File and Motion to Make Hearing Audio Available on Docket (Re: [48](#) Motion for Preliminary Injunction) filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee. ALLOWED. THE HEARING AUDIO WILL BE MADE AVAILABLE ON THE DOCKET. (jp, usbc) (Entered: 12/05/2025) |
| 12/05/2025 | [63](#) (1 pg) | Order dated 12/5/2025 Re: [60](#) Emergency Motion for Expedited Hearing and Scheduling Order Regarding Defendant's Special Motion to Dismiss (Adv. Dkt. No. 54) filed by Defendant Lolonyon Akouete (Re: [54](#) Defendant's Special Motion to Dismiss Under G.L. c. 231 Sec. 59H (Anti-SLAPP) and Motion to Dissolve Preliminary Injunction Order filed by Defendant Lolonyon Akouete Re: [1](#) Complaint ). DENIED. THE TRUSTEE RECENTLY MOVED TO EXPAND THE SCOPE OF THE |

| | | |
|---|---|---|
| | | INJUNCTION ENTERED IN THE ADVERSARY PROCEEDING. THE COURT GRANTED LEAVE ON THE RECORD FOR THE TRUSTEE TO FILE AN AMENDED COMPLAINT AND MOTION FOR EXPANDED INJUNCTIVE RELIEF. MR. AKOUETE MAY FILE A SUPPLEMENT TO HIS MOTION AT ECF NO. 54 WITHIN 14 DAYS AFTER AN AMENDED COMPLAINT HAS BEEN FILED. THE TRUSTEE SHALL FILE AN OPPOSITION TO ECF NO. 54, AS MAY BE SUPPLEMENTED BY MR. AKOUETE WITHIN THE TIME SET FORTH IN THIS ORDER, ON OR BEFORE JANUARY 7, 2025. THE COURT INTENDS TO RULE AFTER THAT DATE OR SCHEDULE A HEARING ON THE MOTION TO DISMISS AT THE SAME TIME AS A CONTINUED HEARING ON THE MOTION TO EXPAND THE INJUNCTIVE RELIEF. (jp, usbc) (Entered: 12/05/2025) |
| 12/05/2025 | 64 (1 pg) | PDF with attached Audio File. Court Date & Time [11/21/2025 02:00 PM]. File Size [19895.06 kb]. Run Time [00:00:2547]. (Hybrid Hearing on #48 Motion by Trustee to Expand Scope of Preliminary Injunction Order and Motion for Contempt of Existing Injunction. (Angelina Savoia)#51 Objection filed by Lolonyon Akouete. (Pro Se)). (MeganHussey) (Entered: 12/05/2025) |
| 12/07/2025 | 65 (2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 62 Order) Notice Date 12/07/2025. (Admin.) (Entered: 12/08/2025) |
| 12/07/2025 | 66 (2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 63 Order on Motion For Emergency/Expedited Hearing) Notice Date 12/07/2025. (Admin.) (Entered: 12/08/2025) |
| 12/09/2025 | 67 (34 pgs) | Amended Complaint by Christine E. Devine on behalf of Jonathan R. Goldsmith, Chapter 7 Trustee against all defendants. (RE: related document(s)1 Adversary case 25-04027. Complaint by Jonathan R. Goldsmith, Chapter 7 Trustee against Lolonyon Akouete. Fee Amount $350. (Attachments: # 1 Affidavit # 2 Exhibits To Affidavit) Nature of Suit(71 Injunctive relief - reinstatement of stay)) filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee). (Devine, Christine) (Entered: 12/09/2025) |
| 12/09/2025 | 68 (11 pgs) | *Supplement to Motion to Expand Injunction and Request for Expedited Determination* with certificate of service (Re: 48 Motion for Preliminary Injunction) filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee (Devine, Christine) (Entered: 12/09/2025) |

| | | |
|---|---|---|
| 12/09/2025 | [69](#)<br>(26 pgs) | Affidavit of Jonathan R. Goldsmith *in Support of Further Injunctive Relief* (Re: [67](#) Amended Complaint, [68](#) Supplemental Document) filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee (Devine, Christine) (Entered: 12/09/2025) |
| 12/09/2025 | [70](#)<br>(3 pgs) | Certificate of Service (Re: [67](#) Amended Complaint, [68](#) Supplemental Document, [69](#) Affidavit/Declaration) filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee (Devine, Christine) (Entered: 12/09/2025) |
| 12/15/2025 | [71](#)<br>(20 pgs) | Defendants Consolidated Special Motion to Dismiss Under G.L. c. 231, § 59H (Anti-Slapp), Answer-In-Substance to Trustees Amended Complaint, and Opposition to Trustees Supplement and Request to Expand Injunction filed by Defendant Lolonyon Akouete (Re: [67](#) Amended Complaint by Christine E. Devine on behalf of Jonathan R. Goldsmith, Chapter 7 Trustee against all defendants (Re: related document(s) [1](#) Adversary case 25-04027), [68](#) Supplement to Motion to Expand Injunction and Request for Expedited Determination with certificate of service (Re: [48](#) Motion for Preliminary Injunction) filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee ) with certificate of service. (jp, usbc) (Entered: 12/16/2025) |
| 12/16/2025 | [72](#)<br>(2 pgs) | Order dated 12/16/2025 Re: [48](#) Motion filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee to Expand Scope of Preliminary Injunction Order and Motion for Contempt of Existing Injunction, [68](#) Supplement to Motion to Expand Injunction and Request for Expedited Determination with certificate of service (Re: 48 Motion for Preliminary Injunction) filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee. THE REQUEST FOR EXPEDITED DETERMINATION SET FORTH IN THE SUPPLEMENT [ECF NO. 68] TO THE MOTION TO EXPAND INJUNCTION [ECF NO. 48] IS DENIED. See Order for Full Text. (dr) (Entered: 12/16/2025) |
| 12/19/2025 | [73](#)<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [72](#) Order) Notice Date 12/19/2025. (Admin.) (Entered: 12/20/2025) |
| 01/07/2026 | [74](#)<br>(22 pgs) | Objection *to Defendant's Special Motion to Dismiss Under G.L. c. 231, § 59H (Anti-SLAPP) and to Dissolve Preliminary Injunction Order* with certificate of service filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee Re: [54](#) Motion filed by Defendant Lolonyon Akouete to Dismiss Adversary Proceeding (Re: [1](#) Complaint) with certificate of service., [71](#) Motion filed by Defendant Lolonyon Akouete to Dismiss Adversary Proceeding (Re: |

| | | |
|---|---|---|
| | | 67 Amended Complaint) with certificate of service. (Devine, Christine) (Entered: 01/07/2026) |
| 01/20/2026 | 75 (37 pgs) | Reply to Trustee's Objection to Defendant's Special Motion to Dismiss Under G.L. c. 231, § 59H (Anti-SLAPP) and to Dissolve or Modify Preliminary Injunction Order filed by Defendant Lolonyon Akouete Re: 74 Objection to Defendant's Special Motion to Dismiss Under G.L. c. 231, § 59H (Anti-SLAPP) and to Dissolve Preliminary Injunction Order filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee (Re: 54 Motion filed by Defendant Lolonyon Akouete to Dismiss Adversary Proceeding (Re: 1 Complaint), 71 Motion filed by Defendant Lolonyon Akouete to Dismiss Adversary Proceeding (Re: 67 Amended Complaint) with certificate of service . (jp, usbc) (Entered: 01/20/2026) |
| 01/26/2026 | 76 (2 pgs) | Hybrid Hearing Scheduled for 2/17/2026 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 - CJP Re: 48 Motion filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee to Expand Scope of Preliminary Injunction Order and Motion for Contempt of Existing Injunction. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (ab) (Entered: 01/26/2026) |
| 01/26/2026 | 77 (2 pgs) | Hybrid Hearing Scheduled for 2/17/2026 at 02:00 PM at Worcester Courtroom 3 - CJP Re: 68 Supplement to Motion to Expand Injunction and Request for Expedited Determination (Re: 48 Motion for Preliminary Injunction) filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (ab) (Entered: 01/26/2026) |
| 01/26/2026 | 78 (2 pgs) | Hybrid Hearing Scheduled for 2/17/2026 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 - CJP Re: 71 Defendants Consolidated Special Motion to Dismiss Under G.L. c. 231, § 59H (Anti-Slapp), Answer-In-Substance to Trustees Amended Complaint, and Opposition to Trustees Supplement and Request to Expand Injunction filed by Defendant Lolonyon Akouete (Re: 67 Amended Complaint by Christine E. Devine on behalf of Jonathan R. Goldsmith, Chapter 7 Trustee against all defendants (Re: related document(s) 1 Adversary case 25-04027), 68 Supplement to Motion to Expand Injunction and Request for Expedited Determination (Re: 48 Motion for Preliminary Injunction) filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee). PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (ab) (Entered: 01/26/2026) |

| | | |
|---|---|---|
| 01/28/2026 | [79](#)<br>(6 pgs) | Emergency Motion filed by Defendant Lolonyon Akouete For Expedited Hearing and Motion to Temporarily Modify or Clarify Injunction for Limited Purpose (Re: [48](#) Motion for Preliminary Injunction) with certificate of service. (jp, usbc) (Entered: 01/28/2026) |
| 01/28/2026 | [80](#)<br>(3 pgs) | Certificate of Service (Re: [76](#) Hearing Scheduled, [77](#) Hearing Scheduled, [78](#) Hearing Scheduled) filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee (Devine, Christine) (Entered: 01/28/2026) |
| 01/28/2026 | [81](#)<br>(3 pgs) | BNC Certificate of Mailing - Hearing. (Re: [78](#) Hearing Scheduled) Notice Date 01/28/2026. (Admin.) (Entered: 01/29/2026) |
| 01/30/2026 | [82](#)<br>(1 pg) | Order dated 1/30/2026 Re: [79](#) Emergency Motion filed by Defendant Lolonyon Akouete For Expedited Hearing and Motion to Temporarily Modify or Clarify Injunction for Limited Purpose (Re: 48 Motion for Preliminary Injunction). DENIED. WITH RESPECT TO THE CIVIL ACTION INVOLVING MIGNONETTE INVESTMENTS LIMITED, SEE ORDER AT CASE NO. 23-40709 ECF NO. 1108. WITH RESPECT TO THE CIVIL ACTION INVOLVING PETER BLAUSTEIN, THE COURT HAS SCHEDULED A HEARING FOR FEBRUARY 17, 2026, ON THE TRUSTEE'S REQUEST TO ENJOIN MOVANT FROM SEEKING RELIEF IN THAT LITIGATION PENDING RESOLUTION OF RELATED MATTERS PENDING IN THIS COURT. THE PARTIES TO THAT CIVIL ACTION SHOULD INFORM THE SUPERIOR COURT OF THAT MOTION AND HEARING DATE AT ANY TIME THAT THAT INFORMATION MAY BE USEFUL TO THE SUPERIOR COURT. (dr) (Entered: 01/30/2026) |
| 02/04/2026 | [83](#)<br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [82](#) Order) Notice Date 02/04/2026. (Admin.) (Entered: 02/05/2026) |
| 02/10/2026 | [84](#)<br>(27 pgs) | Emergency Motion filed by Defendant Lolonyon Akouete for Judgment on the Pleadings, to Expedite Hearing, and to Stay or Dissolve Preliminary Injunction with certificate of service. (meh, Usbc) (Entered: 02/10/2026) |
| 02/12/2026 | [85](#)<br>(1 pg) | Order dated 2/12/2026 Re: [84](#) Emergency Motion filed by Defendant Lolonyon Akouete for Judgment on the Pleadings, to Expedite Hearing, and to Stay or Dissolve Preliminary Injunction. AFTER CONSIDERATION, THE MOVANT FAILS TO STATE SUFFICIENT CAUSE FOR EMERGENCY CONSIDERATION. See Order for Full |

| | | |
|---|---|---|
| | | Text. (jp, usbc) (Entered: 02/12/2026) |
| 02/14/2026 | [86](#) (2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: [85](#) Order on Motion for Judgment) Notice Date 02/14/2026. (Admin.) (Entered: 02/15/2026) |
| 02/17/2026 | | Hearing Held and Continued to 03/05/2026 at 02:30 PM Either by Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA Re: [48](#) Motion for Preliminary Injunction Filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee. (ab) (Entered: 02/17/2026) |
| 02/17/2026 | | Hearing Held and Continued to 03/05/2026 at 02:30 PM Either by Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA Re: [68](#) Supplemental Document Filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee. (ab) (Entered: 02/17/2026) |
| 02/17/2026 | | Hearing Held and Continued to 03/05/2026 at 02:30 PM Either by Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA Re: [71](#) Motion to Dismiss Adversary Proceeding Filed by Defendant Lolonyon Akouete. (ab) (Entered: 02/17/2026) |
| 02/17/2026 | [87](#) (1 pg) | Proceeding Memorandum and Order dated 2/17/2026 Re: [48](#) Motion filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee to Expand Scope of Preliminary Injunction Order and Motion for Contempt of Existing Injunction. HYBRID HEARING HELD AND CONTINUED TO MARCH 5, 2026 AT 2:30 P.M. IN COURTROOM 1, 12TH FLOOR, JOHN W. MCCORMACK POST OFFICE AND COURT HOUSE, 5 POST OFFICE SQUARE, BOSTON, MA WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN MARCH 4, 2026 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (jp, usbc) (Entered: 02/17/2026) |
| 02/17/2026 | [88](#) (1 pg) | Proceeding Memorandum and Order dated 2/17/2026 Re: [68](#) Supplement to Motion to Expand Injunction and Request for Expedited Determination with certificate of service (Re: [48](#) Motion for Preliminary Injunction) filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee. HYBRID HEARING HELD AND CONTINUED TO MARCH 5, 2026 AT 2:30 P.M. IN COURTROOM 1, 12TH FLOOR, JOHN W. MCCORMACK POST OFFICE |

| | | |
|---|---|---|
| | | AND COURT HOUSE, 5 POST OFFICE SQUARE, BOSTON, MA WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN MARCH 4, 2026 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (jp, usbc) (Entered: 02/17/2026) |
| 02/17/2026 | 89 (1 pg) | Proceeding Memorandum and Order dated 2/17/2026 Re: 71 Defendants Consolidated Special Motion to Dismiss Under G.L. c. 231, § 59H (Anti-Slapp), Answer-In-Substance to Trustees Amended Complaint, and Opposition to Trustees Supplement and Request to Expand Injunction filed by Defendant Lolonyon Akouete (Re: 67 Amended Complaint by Christine E. Devine on behalf of Jonathan R. Goldsmith, Chapter 7 Trustee against all defendants (Re: related document(s) 1 Adversary case 25-04027), 68 Supplement to Motion to Expand Injunction and Request for Expedited Determination (Re: 48 Motion for Preliminary Injunction) filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee ). HYBRID HEARING HELD AND CONTINUED TO MARCH 5, 2026 AT 2:30 P.M. IN COURTROOM 1, 12TH FLOOR, JOHN W. MCCORMACK POST OFFICE AND COURT HOUSE, 5 POST OFFICE SQUARE, BOSTON, MA WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN MARCH 4, 2026 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (jp, usbc) (Entered: 02/17/2026) |
| 02/19/2026 | 90 (2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 87 Order on Motion For Preliminary Injunction) Notice Date 02/19/2026. (Admin.) (Entered: 02/20/2026) |
| 02/19/2026 | 91 (2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 88 Order) Notice Date 02/19/2026. (Admin.) (Entered: 02/20/2026) |
| 02/19/2026 | 92 (2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 89 Order on Motion to Dismiss Adversary Proceeding) Notice Date 02/19/2026. (Admin.) (Entered: 02/20/2026) |

| | | |
|---|---|---|
| 03/05/2026 | 93 (5 pgs) | Motion filed by Defendant Lolonyon Akouete To Certify Questions of Massachusetts Law to the Massachusetts Supreme Judicial Court with certificate of service. (kmj, usbc) (Entered: 03/05/2026) |
| 03/05/2026 | | Hearing Held Re: 48 Motion filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee to Expand Scope of Preliminary Injunction Order and Motion for Contempt of Existing Injunction, and 68 Supplement to Motion to Expand Injunction and Request for Expedited Determination (Re: 48 Motion for Preliminary Injunction) filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee. (ab) (Entered: 03/05/2026) |
| 03/05/2026 | | Hearing Held Re: 71 Defendants Consolidated Special Motion to Dismiss Under G.L. c. 231, § 59H (Anti-Slapp), Answer-In-Substance to Trustees Amended Complaint, and Opposition to Trustees Supplement and Request to Expand Injunction filed by Defendant Lolonyon Akouete (Re: 67 Amended Complaint by Christine E. Devine on behalf of Jonathan R. Goldsmith, Chapter 7 Trustee against all defendants (Re: related document(s) 1 Adversary case 25-04027), 68 Supplement to Motion to Expand Injunction and Request for Expedited Determination (Re: 48 Motion for Preliminary Injunction) filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee) (ab) (Entered: 03/05/2026) |
| 03/06/2026 | 94 (1 pg) | Proceeding Memorandum and Order dated 3/6/2026 Re: 48 Motion filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee to Expand Scope of Preliminary Injunction Order and Motion for Contempt of Existing Injunction. MOTION WITHDRAWN ON THE RECORD, WITHOUT PREJUDICE. (jp, usbc) (Entered: 03/06/2026) |
| 03/06/2026 | 95 (1 pg) | Proceeding Memorandum and Order dated 3/6/2026 Re: 68 Supplement to Motion to Expand Injunction and Request for Expedited Determination (Re: 48 Motion for Preliminary Injunction) filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee . MOTION WITHDRAWN ON THE RECORD, WITHOUT PREJUDICE. (jp, usbc) (Entered: 03/06/2026) |
| 03/06/2026 | 96 (1 pg) | Proceeding Memorandum and Order dated 3/6/2026 Re: 71 Defendants Consolidated Special Motion to Dismiss Under G.L. c. 231, § 59H (Anti-Slapp), Answer-In-Substance to Trustees Amended Complaint, and Opposition to Trustees Supplement and Request to Expand Injunction filed by Defendant Lolonyon Akouete (Re: 67 Amended Complaint by Christine E. Devine on behalf of Jonathan R. Goldsmith, Chapter 7 Trustee against all defendants (Re: related document(s) 1 Adversary case 25-04027), 68 Supplement to Motion to Expand Injunction and Request for Expedited Determination (Re: 48 Motion for Preliminary Injunction) filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee ). HEARING HELD. SEPARATE |

| | | ORDER TO ENTER. (jp, usbc) (Entered: 03/06/2026) |
|---|---|---|
| 03/08/2026 | 97 (2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 94 Order on Motion For Preliminary Injunction) Notice Date 03/08/2026. (Admin.) (Entered: 03/09/2026) |
| 03/08/2026 | 98 (2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 95 Order) Notice Date 03/08/2026. (Admin.) (Entered: 03/09/2026) |
| 03/08/2026 | 99 (2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 96 Order on Motion to Dismiss Adversary Proceeding) Notice Date 03/08/2026. (Admin.) (Entered: 03/09/2026) |
| 03/16/2026 | 100 (8 pgs) | Motion filed by Defendant Lolonyon Akouete for Clarification of March 6, 2026 Orders and of The Present Effect of Prior Injunctive Relief as to Third-Party Discovery (Re: 94 Order on Motion For Preliminary Injunction, 95 Order, 96 Order on Motion to Dismiss Adversary Proceeding) with certificate of service. (jp, usbc) (Entered: 03/16/2026) |
| 03/17/2026 | 101 (1 pg) | Order dated 3/17/2026 Re: 71 Defendants Consolidated Special Motion to Dismiss Under G.L. c. 231, § 59H (Anti-Slapp), Answer-In-Substance to Trustees Amended Complaint, and Opposition to Trustees Supplement and Request to Expand Injunction filed by Defendant Lolonyon Akouete (Re: 67 Amended Complaint by Christine E. Devine on behalf of Jonathan R. Goldsmith, Chapter 7 Trustee against all defendants (Re: related document(s) 1 Adversary case 25-04027), 68 Supplement to Motion to Expand Injunction and Request for Expedited Determination with certificate of service (Re: 48 Motion for Preliminary Injunction) filed by Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee ). THE TRUSTEE'S COUNSEL REPORTED ON THE RECORD THAT, BECAUSE OF THIS COURT'S MEMORANDUM OF DECISION AND ORDER ENTERED IN THE MAIN CASE [CASE NO. 23-40709, ECF DOCKET NO. 1179] (THE "DECISION"), CERTAIN RELIEF SOUGHT IN THE AMENDED COMPLAINT [ECF NO. 67] WAS NOT NECESSARY AND THAT THE TRUSTEE WOULD VOLUNTARILY DISMISS ALL COUNTS IN THE AMENDED COMPLAINT (OTHER THAN COUNTS II, VII, AND VIII) AS UNNECESSARY UNLESS THE DECISION IS REVERSED ON APPEAL. COUNTS II, VII, AND VIII SEEK RELIEF RELATING TO MR. AKOUETE'S ALLEGED VIOLATIONS OF THE AUTOMATIC STAY AND CONTEMPT OF THIS COURT'S ORDERS. AS TO THE COUNTS THAT WILL BE VOLUNTARILY DISMISSED, THE MOTION IS DENIED AS UNNECESSARY. FURTHER, AFTER CONSIDERING THE POSITIONS OF THE PARTIES AND THE RECORD IN THIS CASE AND THE MAIN CASE, THE MOTION IS DENIED FOR THE REASONS STATED IN THE TRUSTEE'S BRIEF AT ECF NO. 74 AS TO COUNTS II, VII, AND VIII AND ANY OTHER |

| | | |
|---|---|---|
| | | COUNTS THAT ARE NOT VOLUNTARILY DISMISSED UPON MOTION TO BE FILED AFTER FINAL DETERMINATION OF THE PENDING APPEAL OF THE DECISION. (jp, usbc) (Entered: 03/17/2026) |
| 03/18/2026 | 102 (6 pgs) | Motion filed by Defendant Lolonyon Akouete for Reconsideration of Order Dated March 17, 2026 (ECF No. 101) Re: 101 Order dated 3/17/2026 (Re: 71 Defendants Consolidated Special Motion to Dismiss Under G.L. c. 231, § 59H (Anti-Slapp), Answer-In-Substance to Trustees Amended Complaint, and Opposition to Trustees Supplement and Request to Expand Injunction filed by Defendant Lolonyon Akouete) with certificate of service. (jp, usbc) (Entered: 03/18/2026) |
| 03/19/2026 | 103 (2 pgs) | BNC Certificate of Mailing - PDF Document. (Re: 101 Order on Motion to Dismiss Adversary Proceeding) Notice Date 03/19/2026. (Admin.) (Entered: 03/20/2026) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/26/2026 08:25:39 | | | |
| **PACER Login:** | Lolonyon | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 25-04027 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Format: html Page counts for documents: included |
| **Billable Pages:** | 13 | **Cost:** | 1.30 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Exempt Court Order |