# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

---

**BAP NO. MW 26-003**

---

**Bankruptcy Case No. 23-40709-CJP**

---

**WESTBOROUGH SPE LLC,**
**Debtor.**

---

**LOLONYON AKOUETE,**
**Appellant.**

---

**Lamoutte, González, and Bacher, U.S. Bankruptcy Appellate Panel Judges.**

**ORDER DENYING MOTION TO RECONSIDER JUDGMENT OF DISMISSAL**

Lolonyon Akouete appealed from the bankruptcy court's January 30, 2026 order denying in part his Emergency Motion for Limited Clarification of Preliminary Injunction to Permit Procedural Appearance in Pending State Court Action. Concluding the order on appeal was not final and that interlocutory review under 28 U.S.C. § 158(a)(3) was not warranted, the Panel entered a judgment dismissing the appeal for lack of jurisdiction. Akouete then filed a motion seeking reconsideration of the judgment of dismissal. For the reasons set forth below, the motion for reconsideration is hereby **DENIED**.[1]

Although Akouete denominates the motion before the Panel as one for "reconsideration," it is well established that Fed. R. Bankr. P. 8022—entitled "Motion for Rehearing"—is "the exclusive avenue for post-judgment petitions . . . during a bankruptcy appeal[.]" Chase Monarch Int'l Inc. v. Medawar (In re Chase Monarch Int'l Inc.), 453 F. Supp. 3d 484, 485 (D.P.R. 2020)

---

[1] We do not recount the relevant procedural history, as it is set forth in the Judgment of Dismissal, which is incorporated herein by reference. See In re Westborough SPE LLC, BAP No. MW 26-003, slip op. (B.A.P. 1st Cir. Mar. 20, 2026).

(citation omitted); <u>see also</u> <u>Reynolds v. Maryland</u>, No. ELH-17-3158, 2018 WL 5045192, at *1 (D. Md. Oct. 16, 2018) ("Bankruptcy Rule 8022 'provides the sole mechanism for filing a motion for rehearing' from a final order of . . . a bankruptcy appellate court") (citations omitted). Accordingly, the Panel construes Akouete's motion for reconsideration as a motion under Bankruptcy Rule 8022. Bankruptcy Rule 8022 requires the moving party to "state with particularity each point of law or fact that the movant believes the . . . BAP has overlooked or misapprehended . . . ." Fed. R. Bankr. P. 8022(a)(2). Application of Bankruptcy Rule 8022 is "strict," as "the sole purpose of rehearing is to direct the court's attention to a material matter of law or fact which it has overlooked in deciding the case, and which, had it been given consideration, would probably have brought about a different result." <u>Am. First Fed., Inc. v. Theodore</u>, 584 B.R. 627, 632 (D. Vt. 2018) (citation omitted).

When determining whether to grant relief under Fed. R. Bankr. P. 8022, courts have employed the same standard as for a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). <u>See</u> <u>Hormozi v. U.S. Tr.</u>, C.A. No. 24-cv-02129-LKG, 2025 WL 2323144, at *2 (D. Md. Aug. 12, 2025); <u>ColFin Bulls Funding A, LLC v. Paloian (In re Dvorkin Holdings, LLC)</u>, No. 15 C 3118, 2016 WL 1644323, at *2 (N.D. Ill. Apr. 25, 2016) (stating that Bankruptcy Rule 8022 "is the bankruptcy counterpart" to Rule 59) (citation omitted). The general rule in the First Circuit is that to prevail on a motion for relief under Rule 59(e), "the moving party must 'either clearly establish a manifest error of law or must present newly discovered evidence.'" <u>Díaz Mayoral v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.</u>, 998 F.3d 35, 40 (1st Cir. 2021) (quoting <u>Marie v. Allied Home Mortg. Corp.</u>, 402 F.3d 1, 7 n.2 (1st Cir. 2005)). Reconsideration "is an extraordinary remedy which should be sparingly granted." <u>Villanueva-Mendez v. Nieves Vázquez</u>, 360 F. Supp. 2d 320, 326 (D.P.R. 2005).

The motion for reconsideration does not satisfy the standards of either Bankruptcy Rule 8022 or Rule 59(e).  In the motion, Akouete does not identify any points of law or fact he believes the Panel overlooked or misapprehended.  Nor does he present any newly discovered evidence or argue that the Panel made a manifest error of law or fact when it concluded that the subject order was interlocutory and that discretionary review was not warranted.  In fact, Akouete admits the Panel "reasonably viewed the matter as interlocutory" when it dismissed the appeal.  Instead, Akouete argues there have been "material developments" since the Panel dismissed the appeal which have "fundamentally altered the procedural posture of the injunction at issue, such that the order now operates with practical finality" or at least warrants interlocutory review.  In essence, Akouete argues that at the time the Panel dismissed this appeal, "the injunction was being actively litigated in the adversary proceeding," through motions filed by the chapter 7 trustee seeking to expand the scope of the preliminary injunction and for contempt for violations of the injunction, and also through Akouete's special motion to dismiss the complaint under the Massachusetts anti-SLAPP statute and to dissolve or modify the injunction.  Akouete contends the trustee has since withdrawn those motions and the bankruptcy court has declined to rule on the anti-SLAPP issues in his motion to dismiss, leaving "no clear path toward clarification or final adjudication" of the injunction, which warrants an immediate appeal.

While Akouete states generally that "[r]econsideration is appropriate where there has been a material change in circumstances that affects the basis of the Court's prior ruling," he cites no legal authority to support that proposition (or any of the arguments in his motion). On the contrary, courts have held that "post-ruling developments are *not* a basis for reconsideration" and do not make a court's earlier ruling a "manifest injustice."  <u>Tiber Creek Partners, LLC v. Ellume USA LLC</u>, No. 23-1882, 2025 WL 1950071, at *3 (4th Cir.

July 16, 2025) (emphasis added); see also Keene v. Comcast Cable Commc'ns Mgmt., LLC, No. MJM-24-3040, 2025 WL 2306233, at *3 n.2 (D. Md. Aug. 11, 2025). And, in any event, contrary to Akouete's assertion, the alleged "material developments" which have purportedly changed the "procedural posture of the injunction" actually occurred *before* the Panel dismissed this appeal on March 20, 2026; the trustee withdrew his motions on March 6, 2026, and the bankruptcy court entered an order on Akouete's motion to dismiss on March 17, 2026. In fact, a review of the docket reflects there have been *no developments whatsoever* in the injunction proceeding since the appeal was dismissed. In other words, the procedural landscape of the injunction proceeding is precisely what it was at the time the Panel dismissed this appeal; nothing has changed. Furthermore, it is apparent from the motion for reconsideration and other papers Akouete has submitted in this appeal that he is not really challenging the subject order, but rather is seeking to modify or dissolve the preliminary injunction itself, under the guise of seeking "clarification." As the Panel stated previously, the preliminary injunction order is not before the Panel in this appeal, and it has no jurisdiction to modify or dissolve the injunction. See In re Westborough SPE LLC, BAP No. MW 26-003, slip op. at 6 (B.A.P. 1st Cir. Mar. 6, 2026) (order denying Akouete's motion to modify the preliminary injunction).

For these reasons, the Panel concludes that Akouete has not met the strict standard for granting relief under Bankruptcy Rule 8022. Thus, the motion for reconsideration is **DENIED**.

FOR THE PANEL:

Dated: April 14, 2026
By: /s/ Arielle B. Adler
Arielle B. Adler, Clerk

cc:
By email: Hon. Christopher J. Panos; Lolonyon Akouete
By U.S. mail: Westborough SPE LLC
By CM/ECF: Clerk, U.S. Bankruptcy Court, District of Massachusetts; and
Christine Devine, Esq.; Jonathan Goldsmith, Esq.; Angelina M. Savoia, Esq.; Richard King, Esq.